C. L. PRATT v. ERASTUS JONES.

(Case No. 1792.)

1. EVIDENCE — JUDGMENT — PARTIES.— In a case of trespass to try title, plaintiff proved a regular chain of title from A. down to himself, and claimed that A. was the heir of the patentee, but the only proof he offered to support

that allegation was a decree of a district court vesting in A., as heir of the patentee, an interest in the land in controversy. *Held:*

(1) That as defendant was not a party to the decree in question, he was not bound by its adjudication of the kinship of A., and that kinship could not be proved by the mere production of the decree. Citing Wharton's Ev., § 823.

(2) That, unless the patentee was dead and A. was her heir, her heirs were not before the court, and the decree would pass the title only as against parties to the suit and privies. The decree was admissible, but was not sufficient to prove the heirship of A.

(3) That as no common source was proved and A. did not produce sufficient evidence to connect himself with the patent, he was not entitled to judgment.

2. TAX DEED.— A tax deed is of itself no evidence of title in the purchaser at a tax sale.

APPEAL from Clay. Tried below before the Hon. B. T. Williams.

Action of trespass to try title, brought by appellee in the district court of Clay county, to an undivided three hundred and twenty acres of land of the B. B., B. & C. R. R. Co., situated in Clay county, Texas, as described in the original petition of plaintiffs, filed in the district court of Clay county on the 19th day of September, A. D. 1881. The appellant pleaded not guilty, and answered on the 11th day of November, A. D. 1881. A jury was waived, and the cause was tried at the April term of the district court of Clay county, 1882. The land was patented to Clara V. Bulkley, and the plaintiff showed a regular chain of transfer from J. H. and D. D. Atchison, and to show that the land passed from Clara V. Bulkley to J. H. and D. D. Atchison, plaintiff offered in evidence a certified copy of the judgment of the district court of Grimes county, styled R. L. Heflin *et al. v.* D. D. Atchison *et al.*, No. 2056. To the introduction of which appellant objected as not the proper evidence of heirship; objection overruled.

Here appellee rested. Appellant offered in evidence a tax sale deed to the bond executed by the tax collector of Clay county, May 6, 1879, duly acknowledged July 14, 1879, and recorded August 5, 1879. To the introduction of which plaintiff objected; objection was by the court overruled, and the tax deed admitted for what it was worth. Here the evidence of appellee and appellant closed. Court gave judgment for appellee.

*L. C. Barrett* and *C. M. Burgess*, for appellant, on the proof of heirship, cited: Freem. on Judg., 2d ed., sec. 416; Fowler *v.* Savage, 3 Conn., 90; Koogler *v.* Huffman, 1 McC., 495.

On the tax deed, they cited: Const. 1876, art. 8, sec. 13.

*G. P. Meade* and *A. M. Jackson, Jr.*, for appellee, on the proof of heirship, cited: Freem. on Judg., secs. 416, 417, 418 and 419; Carr *v.* Wellborn, Dall. (concluding part of opinion), p. 624; Buckingham *v.* Hannah, 2 Ohio St., 551, 561–2; Barr *v.* Gratz, 4 Wheat. (side p.), 220; Koogler *v.* Huffman, 1 McCord (S. C.), 495; Webb *v.* Den, 17 How. (U. S.), 576–579; 1 Greenl. Ev., sec. 538.

On the tax deed, they cited: Const. of Tex., art. 8, secs. 11, 12, 13; R. S., arts. 4711, 4752; Appendix R. S., pp. 38, 39, secs. 2, 4, 6; Widener *v.* Shortridge, decided at Tyler, 1882 (not reported); Davis *v.* Farnes, 26 Tex., 296; Hadley *v.* Tankersley, 8 Tex., 17; Robson *v.* Osborn, 13 Tex., 307; Yenda *v.* Wheeler, 9 Tex., 417; Williams *v.* Peyton, 4 Wheat., 77; Thatcher *v.* Powell, 6 Wheat., 119; Jackson *v.* Morse, 18 Johns., 442–3.

ROBERTSON, ASSOCIATE JUSTICE.— The appellee brought trespass to try title to a tract of land patented to Mrs. C. V. Bulkley, and proved a regular chain of title from J. H. and D. D. Atchison down to himself. He claimed that the Atchisons were the heirs of the patentee, but the only proof made of their heirship was by the introduction of a decree of the district court of Grimes county vesting in them, as heirs of Mrs. Bulkley, an undivided one-half of the land in controversy. Appellant was not a party to that decree, and we cannot see how he is to be bound by its adjudication of the heirship of the Atchisons. The decree contains recitals which indicate the proof of heirship in that case was made by the admission of the parties, but if it was proved and formally adjudged to be the fact, that fact in this suit cannot be proved by the simple production of that decree. Wharton's Ev., sec. 823; Freeman on Judgments, 416 and 417.

Nor does the fact that the court had jurisdiction of the parties and the subject-matter, and by the decree vested in the Atchisons the title to the land, obviate the necessity of the proof of their heirship in this case. Unless Mrs. Bulkley was dead and they were her heirs, her heirs were not before the court, and the decree would pass the title only as against the parties to the suit and privies. The decree was admissible, but not sufficient to prove heirship of the Atchisons.

There was no proof of common source, and the appellee having failed to connect himself with the patent to Mrs. Bulkley by sufficient evidence, the judgment in his favor was not sustained by the evidence. As it is probable that this defect in the proof may be

supplied upon another trial, the judgment will be reversed and remanded.

It has been determined at this term in Meredith *v.* Coker, that a tax deed is of itself no evidence of title in the purchaser at tax sale, and this was correctly held in the court below.

REVERSED AND REMANDED.

[Opinion delivered December 15, 1885.]

(Justice STAYTON did not sit in this case.)