SENTERS v. FIRST STATE BANK OF WEATHERFORD. (No. 8178.)

(Court of Civil Appeals of Texas. Ft. Worth. May 1, 1915.)

LANDLORD AND TENANT &#x269C;&#61;262 — LIEN OF LANDLORD—EVIDENCE.

Whether supplies furnished a tenant necessary to enable him to make a crop were furnished on the credit of the landlord, within Vernon's Sayles' Ann. Civ. St. 1914, art. 5475, giving a preference lien for supplies, or under an agreement binding the landlord as surety only, and hence not to create a preference lien, *held* under the evidence, for the jury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 955, 969, 1049-1058; Dec. Dig. &#x269C;&#61;262.]

Appeal from Parker County Court; T. F. Temple, Judge.

Action by the First State Bank of Weatherford against D. E. Senters and another. From a judgment for plaintiff against defendant named, he appeals. Reversed and remanded.

Hood & Shadle, of Weatherford, for appellant. H. C. Shropshire, of Weatherford, for appellee.

DUNKLIN, J. J. R. Park and Henry M. Pope executed a promissory note in favor of the First State Bank of Weatherford for the principal sum of $758.40. The note was dated November 18, 1912. Park was then a tenant upon Pope's farm, and contemporaneously with the execution of the note, and to secure its payment, Park executed a chattel mortgage in favor of the bank upon the cotton crop to be grown by him during the following year of 1913. On November 19, 1912, Pope alone executed another note in favor of the bank in the sum of $220, together with his chattel mortgage to secure the same on— "all rents of cotton, being one-fourth of all that is to be raised on my farm next year, 1913, situated about one and one-half miles northwest from Millsap, Texas. Said cotton crop is to consist of at least one hundred acres."

During the year 1913, Park made and harvested 12 bales of cotton, of which amount 3 bales were turned over to Pope as rents; his contract with Pope being that Pope was to receive one-fourth of the cotton so raised as rents. Five bales of the remainder of the crop were sold by Park to D. E. Senters. The proceeds of one of these bales was paid over to the bank, and practically all of the balance was paid to D. W. Senters, a merchant, as a credit upon an account for goods furnished to Park during the year 1913. Having reduced said notes to judgments, the bank instituted this suit against D. W. Senters and D. E. Senters to recover the value of four bales of the cotton so sold to D. E. Senters, upon the claim asserted in the petition that the defendants had wrongfully converted said cotton to their own use with notice, at the time, of the chattel mortgages thereon in plaintiff's favor and noted above. Judgment was rendered in favor of the bank against D. E. Senters for the amount claimed in plaintiff's petition, but denying a recovery against defendant D. W. Senters, and D. E. Senters has appealed. The trial was before a jury, and the judgment rendered, was upon a verdict returned in compliance with a peremptory instruction from the court.

---

&#x269C;&#61;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The evidence showed that during the year 1913, D. W. Senters was a merchant, and D. E. Senters, his son, who was employed as a clerk in the store by his father, was also engaged in the business of buying cotton upon his own account; that the goods furnished to Park during the year 1913 were charged on the books of D. W. Senters to the account of Pope. The uncontroverted evidence showed that the goods so furnished to Park were supplies necessary to enable him to make and gather his crop during the year 1913. The defense urged by D. E. Senters upon the trial was that the goods so received by Park were in fact furnished to him by his landlord, Pope, within the meaning of article 5475, Vernon's Sayles' Tex. Civ. Stat.; that Pope had a landlord's lien given by that statute superior to plaintiff's mortgage lien upon the cotton so sold to D. E. Senters, and therefore Senters would not be liable for conversion, in view of the fact that the proceeds of the four bales of cotton in controversy were applied in payment of the landlord's debt for such supplies at his instance. The peremptory instruction against D. E. Senters was upon the theory that the evidence showed conclusively that the goods furnished to Park were sold by D. W. Senters to him upon the agreement of Pope to be surety therefor; in other words, that Pope's liability was not that of principal obligor, but as surety or guarantor only, and hence it could not be said that Pope furnished the goods to Park within the meaning of the statute referred to above, and· had no landlord's lien upon the cotton in controversy. The only witness upon the trial who testified to the negotiations between Pope and D. W. Senters relative to furnishing the goods was D. W. Senters himself. Without attempting to set out all of his testimony bearing upon that issue, we have reached the conclusion that, while some of the statements made by the witness on the stand, in connection with the fact that both Pope and Park executed a promissory note to D. W. Senters to cover the unpaid balance on the account for said goods, tended strongly to show that Pope's agreement with D. W. Senters was that he would be surety only for the supplies that D. W. Senters agreed with Pope to furnish to Park, and which were furnished, yet other statements by the witness, in connection with certain circumstances, including the fact that the goods were charged upon the books of D. W. Senters against Pope alone, were sufficient to make the issue a controverted one, to be passed upon by the jury, and that the court erred in taking the same from the jury by the peremptory instruction.

For that error the judgment is reversed and the cause remanded for another trial of the issues between the bank and D. E. Senters. The judgment in favor of D. W. Senters is undisturbed.