RED RIVER NAT. BANK v. SPROLES et al.
(No. 1497.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 4, 1915.)

1. APPEAL AND ERROR &#9740;1010 — REVIEW — FINDINGS.

A finding of fact by the trial court if supported by any evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3982, 4024; Dec. Dig. &#9740;1010.]

2. LANDLORD AND TENANT &#9740;262 — LANDLORD'S LIEN—FURNISHING OF SUPPLIES.

Evidence held to warrant a finding that a landlord furnished his tenant with necessary supplies for himself and teams so as to make a crop creating a lien in his favor; the merchant who furnished the supplies looking solely to the landlord for payment.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 955, 969, 1049–1058; Dec. Dig. &#9740;262.]

Appeal from Red River County Court; Geo. Morrison, Judge.

Action by the Red River National Bank against C. W. Sproles and others. From the judgment, plaintiff appeals. Affirmed.

This suit was by appellant against appellee Sproles and one A. H. Teenor, also an appellee. As against Sproles appellant sought and recovered judgment for $239.99, the sum due on a promissory note in its favor made by Sproles February 7, 1914, and due October 1, 1914. As against both Sproles and Teenor appellant sought a foreclosure of the lien of a mortgage on certain cotton grown by Sproles on land he had leased from said Teenor for said year 1914, given by Sproles to secure the payment of the note.

In his answer Teenor alleged that the cotton in question was grown on land rented by him to Sproles for the year 1914, that by the terms of the contract between him and Sproles he (Teenor) was entitled to one-fourth of the cotton as rent, and that he had a landlord's lien on the remainder thereof to secure $262.85 due him by Sproles for supplies furnished to said Sproles to enable him to make, secure, and gather the crop grown on the land.

The trial court determined that Sproles was indebted to Teenor for rent and for provisions and supplies furnished him to enable him to make, etc., the crop, in the sum of $175.20, rendered judgment in his favor for that sum, and at the same time foreclosed a landlord's lien found to exist in his favor against the cotton in controversy. The lien of appellant's mortgage by the terms of the judgment also was foreclosed, but subject to Teenor's claim, which the court determined should be first paid in full out of the proceeds of a sale of the cotton then ordered by him.

Kennedy & Robbins, of Clarksville, for appellant. Chambers & Black, of Clarksville, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] We are of opinion the judgment should not be reversed on any of the grounds relied upon in appellant's brief. The main contention is that the finding by the court that Teenor had a landlord's lien as determined by the judgment is against the preponderance of the evidence. Whether that is true or not we will not undertake to determine. If there was evidence sufficient to support the court's finding, the fact that there may have been evidence which to our minds would more strongly have supported a contrary finding is not a reason why we should set aside the judgment. It was for the trial court, and not this court, to settle the conflict in the evidence.

[2] As a witness in his own behalf Teenor testified that he rented the land on which the cotton in controversy was grown to Sproles for one-fourth thereof; that Sproles was wholly unable to furnish himself, and that he (Teenor) agreed to and did furnish him "with groceries for himself and family and feed for his teams"; that he arranged with Lawrence Smith, a member of the firm of Henry & Smith, merchants—

"to let Mr. Sproles (quoting from his testimony) have groceries, and they were to be charged to me by him. I was to get these groceries at cash prices and was to pay the firm 10 per cent. interest on all accounts. They would not sell feedstuffs on this basis. So I had either to pay cash as they were obtained or at the end of every 30 days, and this I did."

We think this testimony set out above warranted the finding by the trial court that it was Teenor, and not Henry & Smith, who furnished the supplies to Sproles, and that, according to the agreement between Teenor and Lawrence Smith, the latter's firm was to look solely to Teenor for payment for the supplies furnished, and therefore conclude that the finding that Teenor had a landlord's lien as determined by the judgment was not without support in the evidence.

The judgment is affirmed.