**SHORT v. WALTERS et al.    (No. 6332.)**

(Court of Civil Appeals of Texas. Austin. May 4, 1921.)

1. **Continuance** &#9670;&#9473;26(11)—**Where no commission was issued, although adversary party waived its issuance, there was not due diligence.**

Where no commission was issued and placed in the hands of an officer authorized to take depositions, the party asking for a continuance to procure witness' evidence cannot be said to have used due diligence, although his adversary waived the issuance of a commission.

2. **Appeal and error** &#9670;&#9473;966(1) — **Continuance** &#9670;&#9473;26(1)—**Where application for continuance shows failure to use means for procuring testimony, it is addressed to the court's discretion.**

When an application for continuance shows that the means provided by law to secure testimony have not been used, the application is addressed to the sound discretion of the trial court, and, unless it clearly appears that such discretion has been abused, the case should not be reversed for overruling the application.

---

&#9670;&#9473;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Continuance** ⬅═➡46(5) — **Application addressed to discretion of court should show applicant expected to procure testimony by next court term.**

An application for continuance, which is not statutory, and therefore addressed to the court's discretion, should state that the applicant expected to procure the testimony by the next term of court; otherwise denial of continuance is not error.

Appeal from District Court, San Saba County; N. T. Stubbs, Judge.

Action against Joe Short, J. T. Walters, and others, in which Joe Short's application for a continuance was overruled, and he appeals. Judgment affirmed.

N. C. Walker, of San Saba, for appellant. Wilkinson & McGaugh, of Brownwood, for appellees.

KEY, C. J. The only question presented by this appeal is appellant's contention that the trial court erred in overruling his application for a continuance, which reads as follows:

"Now comes the defendant Joe Short in the above styled and numbered cause, and, being duly sworn, states that he cannot safely go to trial at this term of court, on account of the absence of R. A. Weaver, who is a witness on behalf of the said defendant; that the testimony of said witness is material to defendant's defense in this cause, in this, to wit, that defendant's defense in this suit is that the defendant J. T. Walters conveyed the land in controversy to plaintiff, for the purpose of hindering and delaying his creditors; that this defendant expects to prove by said R. A. Weaver, and that said witness will testify, that some time in the early part of 1915 the defendant J. T. Walters placed the lands in controversy in his hands to be sold, at said time stating that, unless he could sell said land, some parties were going to sue him and he wanted to sell this land, or put it in his wife's or his son's name; that said witness was engaged in the real estate business in the city of San Angelo, where the defendant J. T. Walters resided at said time; that said witness R. A. Weaver resided in the city of San Angelo, Tom Green county, Tex.; that defendant has used due diligence to secure the testimony of said witness in this, to wit, that he was served with citation in this case on the 11th day of March, A. D. 1920; that immediately upon being served with said citation, on, to wit the 12th day of March, 1920, he wrote Walker & Burleson, attorneys of San Saba, Tex., inclosing said citation and requesting them to represent him in said cause and desiring to know what they would charge him for such services; that, not getting a reply from said attorneys, he instructed his attorney, R. Wilbur Brown, of San Angelo, Tex., to write Walker & Burleson again in regard to handling said case for him; that his said attorney did on the 26th day of March write said attorneys about handling said case; that N. C. Walker answered said letter and requested me to come to San Saba to discuss said case and agree on a fee; that I immediately left for San Saba, which is about 180 miles by rail from San Angelo to San Saba; that I arrived in San Saba on the 31st day of March, and at that time employed N. C. Walker to represent me in this case; not knowing the names of the witnesses that I would need at that time nor exactly what they would testify to, I went back to San Angelo and told my said attorney that I would have Mr. Brown to send Mr. N. C. Walker the names of said witnesses and what they would testify to; that my said attorney, Wilbur Brown, did send Mr. Walker said names of said witnesses with the other papers relating to this case on the 1st day of April, 1920, which was received by my attorney, Mr. Walker, on the 3d day of April; that Mr. Walker on the same day prepared certain interrogatories to said witness R. A. Weaver and other witnesses, and called Mr. Wilkerson up over the telephone, and he said he would waive the issuance of commission and cross same; that on the same day Mr. Walker mailed said interrogatories to Wilkerson & McGaugh, of Brownwood, Tex.; that said attorneys crossed said interrogatories and returned them to Mr. Walker on the 8th day of April, 1920, and on the same day Mr. Walker mailed them to R. Wilbur Brown, of San Angelo, Tex., who at once placed them in the hands of a notary public, who at once took the depositions of all of said witnesses with the exception of said R. A. Walker, who, said notary public certified, was out of the county at that time and could not be found; that the other depositions of said witness, to which was attached said certificate of the absence of, was returned and filed in this court on the 14th day of April, 1920; that a copy of the interrogatories propounded to said witness are attached hereto and marked Exhibit A; that the testimony which witness would have given if he had testified to said interrogatories, or if present, cannot be obtained from any other source, and that a continuance is not sought for delay only, but that justice may be done; that this is defendant's first application for a continuance. Wherefore defendant prays the court to continue this case until the next term of this court. Joe Short.

"Subscribed and sworn to before me this the 15th day of April, A. D. 1920. Jno. H. Moore, Clerk District Court, San Saba County, Tex."

[1, 2] In Tex. & Pac. Ry. Co. v. Hardin, 62 Tex. 367, it was held that, when no commission was issued and placed in the hands of an officer authorized to take depositions, the party asking for a continuance cannot be said to have used due diligence, although his adversary waived the issuance of a commission. It was also held in that case that, when an application shows that the means provided by law to procure testimony have not been used, the application is addressed to the sound discretion of the trial court, and, unless it clearly appears that such discretion has been abused, the case should not be reversed because the application for a continuance had been overruled. In the elaborate opinion in that case, in indicating some

⬅═➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

facts which should be stated in such an application for a continuance, the court, among other things, said:

"It is not shown that the evidence of the witnesses would have tended to prove any of the defenses set up in the answer, further than is so shown by the general averment that their testimony is material; nor is it shown that the appellant expected to have their testimony at the next term of the court."

[3] Two of the former cases cited in that opinion hold that an application for a continuance, which is not statutory, and therefore addressed to the discretion of the court, should state that the applicant expected to procure the testimony by the next term of the court. No such statement is made in the application in the instant case; and therefore we hold that the judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.