**HALL v. HENRY et al. (No. 6741.)**

(Court of Civil Appeals of Texas. San Antonio. April 5, 1922. Rehearing Denied April 26, 1922.)

1. **Appeal and error ⬥843(3) — Objection to evidence, raising only academic question, not considered.**

Where, in a suit to enforce a landlord's lien, the evidence was conclusive that the landlord furnished the money to enable the tenant to make crops, which were subject to the statutory landlord's lien, and a third person claimed a certain part of the crops under an attachment, the landlord's lien being prior, the attaching creditor could not enforce an execution against it, and objection to evidence as to another person's ownership of part of the crop by the creditor on the ground that there was no allegation to support it was immaterial.

2. **Appeal and error ⬥1060(1)—Objection to argument on effect of answer to issues presented held not to have influenced jury.**

Where in a simple case the jury would know the effect of their answers to the issues presented, and answered in strict conformity to evidence, there was no reversible error in counsel's attempt in argument to instruct the jury as to what would be the effect of certain answers to the issues.

3. **Landlord and tenant ⬥328(4) — Evidence held to show bank loan made to landlord.**

In an action by a landlord for money advanced tenant and to enforce lien therefor to enable him to make his crop, evidence held to show that money advanced by a bank was loaned to the landlord, and not to the tenant.

Appeal from District Court, San Patricio County; M. A. Childers, Judge.

Action by E. D. Henry against A. S. Van Ness and others. From a money judgment for plaintiff as against defendant named, and an injunction as against defendant J. S.

Hall and another, defendant Hall appeals. Affirmed.

James G. Cook, of Sinton, for appellant. J. C. Houts and J. C. Russell, both of Sinton, for appellees.

FLY, C. J. Appellee E. D. Henry sought a recovery against A. A. Van Ness for $5,050, alleged to be a balance due for money advanced by appellee Henry, as his landlord, to enable him to make and garner a crop of cotton and feedstuff on 700 acres of land belonging to appellee; said money having been furnished to make and gather crops for the crop year beginning November 1, 1919, and ending November 1, 1920, and to foreclose a landlord's lien on 9 bales of cotton in a cotton yard in the town of Sinton; and J. S. Hall was joined in the suit upon the allegation that he had procured the levy of an execution on said cotton, issued out of a certain cause in which Hall was plaintiff and Van Ness defendant. A writ of injunction was sought against the sheriff of San Patricio county and Hall to prevent the sale of the cotton under execution. The cause was tried by jury upon special issues, and upon their answers thereto judgment was rendered in favor of appellee E. D. Henry, as against Van Ness, for $2,500 and a foreclosure of the landlord's lien, and the injunction prayed for was granted appellee Henry, as against the sheriff and Hall, and that Hall take nothing as to his cross-action. This appeal is prosecuted by J. S. Hall alone.

The jury found that E. D. Henry furnished the money to Van Ness necessary to make a crop in 1920, and that it was not furnished by a bank, with Henry as a surety, that the cotton was subject to the landlord's lien when levied on by Hall, that the market value of the 9 bales of cotton was $814.55, that 3 bales, marked "S. P. V.," were worth $268.75, and were the property of S. P. Van Ness. There was testimony to sustain the findings of the jury.

[1] The testimony showed conclusively that E. D. Henry, the owner of the premises, furnished the money sued for to his tenant, Van Ness, to enable him to make and gather crops on the land of E. D. Henry, and that such crops were subject to the statutory landlord's lien. It would therefore be immaterial, so far as appellant was concerned, whether the property was proved to be that of A. A. Van Ness or S. P. Van Ness, for in either event appellant could not enforce an execution against it. The objection, therefore, would be merely academic, and of no practical value. If all of the 9 bales of cotton belonged to A. A. Van Ness, as claimed by appellant, then it was subject to the lien, and not the execution, and if a part of it belonged to S. P. Van Ness, appellant had no right to it. The ground of objection to the evidence was that there was no allegation to support. It was alleged, in his answer, by A. A. Van Ness, that 3 of the bales of cotton were raised by S. P. Van Ness, and no objection was urged to that allegation. The first, second, and fourth assignments of error are overruled.

[2] Counsel for E. D. Henry undertook in argument to instruct the jury as to what would be the effect of certain answers to issues presented. The trial judge refused to sustain an exception to the argument, stating as a qualification to the bill of exceptions that the attorney for appellant "asked the jury to answer each question in a particular way, suggesting to the jury how they should answer each question." Between the two, the jury were so well instructed that they answered the questions in strict conformity to the evidence. Any jury of moderate intelligence would have known the effect of their answers to the simple issues presented to them, and the argument of counsel must not have had any influence on the answers of the jury. The third assignment of error is overruled.

[3] The testimony showed that Henry borrowed the money necessary to make a crop from a Sinton bank, and instructed the bank to pay it to his renter as it might be needed. Henry sent his note for the money to the bank, and without his knowledge or consent the bank obtained the signature of the renter to the note. All the testimony showed that the money was loaned to Henry, and not to the renter, and the signature of the latter was obtained by the bank merely in the way of showing how the money was expended. Henry was a principal on the note, and there was no surety. He did not know Van Ness had signed the note, and he (Henry) paid it to the bank. The bank looked to him alone for payment of the money. His relationship to his renter could not be changed or impaired by an agreement with the renter to which he was not a party. The question of the landlord's suretyship on a note of the renter is not raised or remotely indicated by the evidence. Senters v. Bank (Tex. Civ. App.) 176 S. W. 878; Bank v. Sproles (Tex. Civ. App.) 180 S. W. 660. The question as to whether E. D. Henry was a principal or merely a surety was one of fact, which the jury resolved in favor of Henry having furnished the money through a note signed by him as the principal. The fifth and sixth assignments of error are overruled.

The judgment is affirmed.