**TEXAS POWER & LIGHT CO. v. CENTRAL TEXAS BATTERY CO.   (No. 19.)\***

(Court of Civil Appeals of Texas. Waco. Nov. 15, 1923. Rehearing Denied Dec. 20, 1923.)

**1. Appeal and error ⨠1060(1)—Argument of counsel, instructing jury as to legal effect of their special findings, held not reversible error.**

Where counsel in argument instructed the jury as to the legal effect of their answers to the special issues submitted to them by the court on the judgment to be rendered, it did not constitute reversible error in absence of any showing that their findings were probably affected by such argument.

**2. Trial ⨠19—Absence of judge from courtroom during argument, and failure to sustain objection to alleged improper argument, held not reversible error.**

Where alleged improper argument was made during the absence of the judge from the courtroom, his absence and failure to hear such argument and to act on counsel's objection thereto did not constitute reversible error, where counsel did not request a suspension of the trial to be made during his absence, and the argument itself did not constitute reversible error.

Appeal from McLennan County Court; Giles P. Lester, Judge.

Action by the Texas Power & Light Company against the Central Texas Battery Company. Judgment for the plaintiff, and defendant appeals. Affirmed.

Sanford & Harris, of Waco, and Templeton, Beall, Williams & Worsham, of Dallas, for appellant.

Jake Tirey and W. L. Eason, both of Waco, for appellee.

GALLAGHER, C. J. Texas Power & Light Company, appellant herein, sued the Central Texas Battery Company, appellee herein, on a written contract for the sum of $495 for repairing a motor and generator set belonging to appellee, and for foreclosure of a mortgage lien thereon.

Appellee defended on three separate grounds as follows: (a) That the contract sued on had been materially and fraudulently altered since it was executed; (b) that the consideration for said contract had wholly failed, for the reason that appellant's representative guaranteed that it could and would so alter, repair, and change said generator set as to make it a true, constant, potential motor generator set, and the said generator set as repaired was not a true, constant, potential generator set, but was in no better condition and worth no more than when delivered by it to appellant; (c) that appellee sold and delivered to appellant a certain electric vehicle, and that appellant agreed with it that the price of said vehicle should offset the charge for repairing said generator set under the contract sued on, and that, if it ever owed appellant anything on said contract, such obligation was thereby paid, discharged, and canceled.

The case was submitted to a jury on special issues, which issues and the answers of the jury thereto, respectively, are as follows:

"No. 1. Was the amount of the contract sued upon changed with the consent of the defendant, the Central Texas Battery Company? Answer: No.

"No. 2. Did the plaintiff guarantee to defendant that its generator could be altered, repaired, and changed so as to make it a true, constant, potential motor generator set? Answer: Yes.

"No. 3. Did the defendant rely upon said guarantee? Answer: Yes.

"No. 4. Did plaintiff construct said generator so as to make it a true, constant, potential motor generator set? Answer: No.

"No. 5. Did plaintiff purchase from defendant the electric vehicle in question? Answer: Yes.

"No. 6. Was it the understanding between plaintiff and defendant that the indebtedness sued upon by plaintiff should be paid, canceled, and discharged by the indebtedness due defendant by plaintiff for said vehicle? Answer: Yes."

---

⨠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

\*Writ of error dismissed for want of jurisdiction February 6, 1924.

[1] None of the findings of the jury are assailed as being without support in the evidence. The only issues presented by appellant are predicated on its bill of exception, which, omitting formal parts, is as follows:

"While W. L. Eason, Esq., one of the attorneys for the defendant, was making his closing argument to the jury for the defendant, the plaintiff's counsel objected to the argument that was being made by said Eason, and stated to the court that said Eason had used the following language in his argument to the jury: 'If you answer special issue No. 1, submitted to you by the court, "Yes," these boys would not get a cent.' But the court stated that he had stepped into an adjoining room, and that he had not heard the remark of counsel, and the court made no ruling thereon, to which action of the court plaintiff then and there duly excepted."

The first proposition submitted by appellant is as follows:

"It is reversible error for counsel, in argument to the jury, to instruct the jury as to the legal effect of their answer to special issues submitted to them by the court."

Improper argument will constitute ground for reversal only when there is reasonable ground to believe that the verdict or findings of the jury were probably influenced thereby. H. & T. C. Ry. Co. v. O'Hare, 64 Tex. 600, 604; Schmidt v. Houston Electric Co. (Tex. Com. App.) 242 S. W. 1019, 1021; Delk v. Punchard, 64 Tex. 360, 361, 366, 367.

There is no contention that there was anything in the evidence or in the argument of counsel to arouse sympathy for appellee or passion or prejudice against appellant. Both were corporations, and no reason is suggested why the jury should be tempted, regardless of the facts in evidence, to favor appellee over appellant. We are not justified in assuming that any such reason existed, nor that the findings of the jury, presumed to be impartial, were probably affected by such argument.

In the case of Fain v. Nelms, 156 S. W. 281, 284, complaint was made that counsel in argument had advised the jury of the effect the answers would have on the judgment to be rendered in the cause. Objection to such argument was promptly made by opposing counsel and overruled by the court. The Court of Civil Appeals for the First district, on consideration of that case, held such argument improper, but further held that, under the circumstances of that case, it did not probably affect the verdict rendered by the jury, and therefore did not constitute ground for reversal of the judgment appealed from. We quote from the opinion in that case as follows:

"In passing upon the question, however, as ground for reversal, its effect on the jury must be considered, and upon this point it must be assumed that, during the course of this trial, amid the strenuous conflict between counsel as to the time appellee's adverse possession began, and the amount of evidence on that issue, it must have been a remarkably stupid juror who would not have gathered what would be the legal result of a finding on this issue. We are inclined to the opinion that counsel only told the jury what they already knew, and we cannot believe that they disregarded the evidence and charge of the court, and were influenced by this argument. These improper remarks, we think, ought not to bring upon appellee the penalty of a reversal."

The Supreme Court refused an application for writ of error in that case.

The case of Texarkana & Ft. Scott Ry. Co. v. Casey, 172 S. W. 729, 734, was decided by the Court of Civil Appeals for the Sixth district. It involved an action by the surviving wife as administratrix for damages for the death of her husband. The case was submitted on special issues, and the trial court, in his charge given in connection therewith, told the jury under what state of facts plaintiff could recover, and under what state of facts she could not recover. The railway company contended that such charges were improper and constituted reversible error. The Court of Civil Appeals refused to sustain such contention. We quote from its opinion as follows:

"This argument is based upon the assumption that the jury would take into consideration the character and conditions of the parties to the suit, and would be moved by a feeling of sympathy for the plaintiff. It may be that in controversies of this character such emotions do sometimes control the verdicts of juries; but, in the absence of some evidence to that effect, we cannot assume that such bias and sympathy existed. The mere finding of facts favorable to the plaintiff is not sufficient when the evidence is of that character which warranted such finding. To gratuitously assume that a jury which has been properly tested and selected yielded to such sympathy, or was probably controlled by such emotions under such conditions, is to impeach the system of trial by jury for being fundamentally unreliable. Where a general verdict is to be rendered, the jury are necessarily informed of what is required to be found in order to entitle either party to a judgment. Evidently the law does not contemplate that such information should be concealed from juries in order to insure absolute impartiality. The error, if any there was in giving this general charge, was harmless, and does not warrant a reversal of the judgment."

The railway company applied for a writ of error, which was refused by the Supreme Court.

We do not wish to be understood as approving the argument complained of in this case, but we do not think it constitutes ground for reversal, notwithstanding the trial court failed to take any action on appellant's objection thereto. Fain v. Nelms, supra; Texarkana & Ft. Scott Ry. Co. v.

Casey, supra; G., H. & S. A. Ry. v. Miller (Tex. Civ. App.) 192 S. W. 593, 598 (writ refused); J. M. Guffey Petroleum Co. v. Dinwiddie (Tex. Civ. App.) 182 S. W. 444. 447 (writ refused); Merchants' Life Ins. Co. v. Griswold (Tex. Civ. App.) 212 S. W. 807, 814; S. W. Tel. & Tel. Co. v. Sheppard (Tex. Civ. App.) 189 S. W. 799, 800 (writ refused by committee of judges); Hall v. Henry (Tex. Civ. App.) 239 S. W. 1015, 1016; G., H. & S. A. Ry. Co. v. Fleming (Tex. Civ. App.) 203 S. W. 105, 108; Rice v. Garrett (Tex. Civ. App.) 194 S. W. 667, 673 (writ refused by committee of judges).

There is no contention that the remarks of counsel complained of in this case had any bearing on the other issues submitted to the jury for determination. These issues were also sustained by the findings of the jury, and in themselves afforded a sufficient predicate for the judgment appealed from.

[2] The only other proposition submitted by appellant is that the absence of the judge from the courtroom during the argument of counsel, his failure to hear such argument, and his failure to act on appellant's objection thereto constitute reversible error.

The rule in civil cases is that the mere absence of the judge from the courtroom during the trial, when no request for a suspension of the trial is made, and no injury is shown, is not ground for reversal. Before such absence can afford ground for reversal, it must appear, not only that objection was made to the judge's failure to suspend the trial during his absence, but that such absence resulted in some injury to the complaining party. The continual presence of the judge during a civil trial may be waived by the parties, and, if his absence from the courtroom is with the consent of the party or his counsel, such party cannot complain. Dehougne v. Western Union Telegraph Co. (Tex. Civ. App.) 84 S. W. 1066, 1068; 17 Am. & Eng. Ency. Law (2d Ed.) 720; Horne v. Rogers, 110 Ga. 362, 35 S. E. 715, 49 L. R. A. 176.

The bill of exception in this case does not show any request to the judge to suspend the trial on his leaving the courtroom, nor any objection to his failure to do so. It does not show the length of time he was absent, the circumstances attending such absence, nor that the same was without appellant's consent. The only attempt to show injury to appellant resulting from such absence is that the judge did not hear the argument complained of, and did not act on appellant's objection thereto. Since the argument in itself did not constitute reversible error, notwithstanding the failure of the court to sustain an objection thereto, no injury to appellant is shown. Appellant's contention on this issue is overruled.

The judgment of the trial court is affirmed.