## OILMEN'S RECIPROCAL ASS'N v. HAYES. (No. 1543.)

Court of Civil Appeals of Texas. Beaumont. May 28, 1927.

Rehearing Denied June 8, 1927.

1. **Master and servant ⬤⇒418(5)—Admission of testimony by workman, claiming compensation for eye injury, that he passed army examination, though error, held harmless (Workmen's Compensation Act).**

In proceeding, under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), for eye injury, admission of claimant's testimony that he passed examination by army doctor during late war, though error, held not prejudicial.

2. **Evidence ⬤⇒471(13)—Testimony by injured workman's wife that condition of his eyes was good before injury held not conclusion.**

In injured workman's action for compensation for eye injury, testimony of wife that condition of his eyes was good prior to injury held properly admitted, as against contention that it was conclusion.

3. **Appeal and error ⬤⇒1048(3)—Questions asked injured workman's wife, eliciting statement of husband's health and eyesight, if leading, held harmless.**

In injured workman's proceeding for compensation for eye injury, questions asked claimant's wife, eliciting general statement of hus-

band's health and eyesight, if leading, *held* not prejudicially erroneous.

**4. Appeal and error $\Longleftarrow$1060(1)—Argument informing jury of legal effect of answers to special issues held harmless error, where juror of average intelligence must have known effect of answers.**

Though general rule is that attorney in argument cannot inform jury of legal effect of answers to special issues, error is harmless, where issues were so simple that juror of average intelligence must have necessarily known effect of answer, since improper argument is reversible error only when evidence preponderates against verdict, and there is reasonable ground for belief that verdict was influenced thereby.

**5. Appeal and error $\Longleftarrow$925(3)—Appellate court held not justified in assuming that findings were affected by improper argument.**

Appellate court *held* not justified in assuming that findings of jury were probably affected by improper argument, where there was no contention that verdict was not supported by evidence, nor that there was anything in evidence or argument to arouse sympathy or create prejudice.

**6. Appeal and error $\Longleftarrow$930(1)—Appellate court presumes findings impartial.**

On appeal, findings of jury must be presumed to be impartial.

**7. Appeal and error $\Longleftarrow$499(1)—Assignment complaining of failure to sustain certain motion will be overruled, where record did not show that motion was made or acted on.**

Assignment that court erred in failing to sustain motion to incorporate certain provision into judgment will be overruled, where no such motion appears in record, and there is nothing in record to show it was made or acted on.

**8. Continuance $\Longleftarrow$51(1)—Second application for continuance for absent witness held properly overruled, where diligence to secure attendance was not set out, nor inability to procure testimony elsewhere, nor statement of expected presence of witness at next term of court (Rev. St. 1925, art. 2168).**

Overruling second application for continuance for absent witness *held* not error, where it failed to state diligence that had been used to procure such witness' attendance, and that desired testimony could not be otherwise procured, in view of Rev. St. 1925, art. 2168, especially where it did not appear that applicant expected to have witness or testimony at next term of court.

**9. Continuance $\Longleftarrow$51(1)—Second application for continuance for absent witness held addressed to court's discretion.**

Second application for continuance for absent witness *held* addressed to discretion of court.

**10. Continuance $\Longleftarrow$24—Refusal of continuance for absent witness is not error, if testimony is cumulative.**

It is not error to refuse application for continuance for absent witness, addressed to discretion of court, where testimony would be merely cumulative.

Appeal from District Court, Liberty County; Thos. B. Coe, Judge.

Proceeding under the Workmen's Compensation Act by Thos. L. Hayes, opposed by the Humble Oil & Refining Company, employer, and the Oilmen's Reciprocal Association, insurer. Compensation was denied, and claimant files suit in the district court, appealing from the award of the Industrial Accident Board. Judgment for plaintiff, and the insurer appeals. Affirmed.

King, Battaile & Sonfield, of Houston, for appellant.

Morris, Sewell & Morris, of Houston, for appellee.

O'QUINN, J. Appellee, Hayes, filed suit in the district court of Liberty county, Tex., appealing from an award of the Industrial Accident Board denying him compensation in a claim against appellant. He alleged that on March 16, 1925, he was injured in the course of his employment with the Humble Oil & Refining Company; that said company was a subscriber under the Workmen's Compensation Act of Texas, and carried a policy of insurance with appellant; that he was injured by particles of steel, iron, iron rust, and other substances being violently thrown into his eyes from an old iron boiler when it slipped and fell, while he and other employees were handling same, which injury caused him total blindness for a period of 10 weeks; that said injury greatly impaired his vision in both eyes, and as a result of same he lost 75 per cent. of the vision of both eyes, which loss was permanent; that by reason of such injury he was entitled to $20 per week for a period of 10 weeks for the total disability suffered, and further entitled to 75 per cent. of $20, or $15 per week, for a period of 390 weeks, by reason of the permanent partial disability to his eyes.

Appellant answered by general demurrer, several special exceptions, and a general denial. The case was tried to a jury on special issues, in answer to which the jury found (a) that Hayes was injured in the course of his employment with the Humble Oil & Refining Company on March 16, 1925; (b) that his average weekly wage was $35; (c) that the Humble Oil & Refining Company had notice of the injury within 30 days after the injury occurred; (d) that claim was made for compensation by appellee within six months after the injury; (e) that Hayes was totally disabled from work for 10 weeks; (f) that following the termination of total disability he suffered a partial disability to his eyes, and that such partial disability was permanent; (g) that appellee suffered a permanent 90 per cent. loss of the vision to

---

$\Longleftarrow$For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

his right eye and 20 per cent. permanent loss to his left eye; and (h) that he suffered a 50 per cent. permanent loss of vision to both of his eyes as a result of said injury.

The court entered judgment in favor of appellee for compensation at the rate of $20 per week for 9 weeks, beginning one week after the date of the injury, and compensation for 300 weeks at the rate of $10 per week, beginning at the termination or expiration of the total disability period, for 50 per cent. permanent partial disability or loss of vision to both eyes. The judgment provided that the weekly installments that had matured should be paid in a lump sum, and that the remaining installments should be paid as they mature. Motion for a new trial was overruled, and the cause is before us for review.

[1] Appellant's first proposition complains that the court erred in permitting appellee, over its objection, to testify, in answer to questions from his counsel, that during the late war he was examined by an army doctor and that he passed that examination, the objection being that said evidence was irrelevant, immaterial, and not admissible to establish any issue in the suit. We think the evidence was erroneously admitted, but that the error was harmless. We take it that the testimony was offered for the purpose of showing that appellee's eyes were in good condition and his sight good prior to the accident. That this was true was shown by testimony of appellee not objected to. He testified that up to the time of the accident the condition of his eyes was good; that it was good up to the time he got hurt; that he did not wear glasses before the injury; never wore glasses before this injury; that he was 35 years old, and never was injured before March 16, 1925; that his eyes had been in an inflamed condition since he was injured; and that they were not in that condition before they were injured. Furthermore, there was no contention that appellee's eyes had suffered any prior injury; the contention being that there was a congenital weakness, not injury, causing inflammation. There was no issue of prior injury or inflammation from any cause.

[2] Appellant's second, third, and fourth assignments assert that the court erred in permitting appellee's wife, over its objection, to testify that prior to the injury appellee's health and the condition of his eyes were good. The questions and answers as reflected by appellant's bill of exception are:

"Q. What has been the condition of his health since you married, up to March of last year? A. Yes, sir.

"Q. How about his eyes? A. Well, his eyes —he had good eyes up until he got hurt; his eyes got hurt down in this old oil field."

These questions and answers were objected to by appellant on the grounds that they were prejudicial, called for the conclusions of the witness, and were leading. The assignments are overruled. Appellant, in its brief, challenges the testimony for the reason that same was but the conclusion of the witness, who did not qualify to testify as an expert, and is therefore but the opinion of a nonexpert. The objections offered to the testimony were not based upon the fact that the witness was not an expert. Her testimony as to the condition of her husband's eyes and health before the accident was material and relevant. She having been intimately and constantly associated with her husband for years, and all the while observing him and knowing of his condition as to health and eyesight, could state her knowledge of same, and it would be the statement of facts, not conclusions.

[3] If any of the questions complained of were leading, they were harmless. They elicited no information, other than a general statement of her husband's health and eyesight, which was proper.

Appellant's fifth and sixth propositions are overruled. They relate to hypothetical questions propounded to a doctor witness. We think the questions asked and the evidence adduced proper.

The seventh and eighth propositions do not show any error. We think sufficient proof was made that claim was made within six months for compensation.

If the ninth proposition shows error, it was harmless.

[4] Appellant's tenth proposition complains that counsel for appellee was guilty of improper argument to the jury, and that same constituted reversible error. The argument complained of was:

"Just answer the special issues as I have told you to, and the judge will take care of the compensation in the judgment.

"If you will answer the special issues as I have told you, the court will render a judgment for plaintiff."

The argument was objected to by appellant at the time, on the grounds that same was improper, prejudicial to the defendant, and informed the jury of the legal effect of their answers to the special issues submitted to them. There is nothing in the record to show what action, if any, the court took on the objection to the argument. Moreover, it does not appear that any request was made of the court at the time for its withdrawal from the jury, or to instruct the jury not to consider same. The bill of exceptions is simply allowed without qualifications, and there is nothing in the bill to show the action of the court.

While the general rule is that it is improper for an attorney in his argument to inform the jury of the legal effect of their answers to special issues, yet it is not always that it will constitute grounds for reversal. In the instant case the issues were not complicated, nor the evidence voluminous. Most of the questions were without dispute,

and all of them so simple that a juror of average intelligence must have necessarily known the effect of his answer to any of the issues submitted. Where this is true, argument of the kind here complained of is harmless, and not ground for reversal. Cobb Brick Co. v. Lindsay (Tex. Civ. App.) 277 S. W. 1111; Texas Power & Light Co. v. Central Texas Battery Co. (Tex. Civ. App.) 256 S..W. 644; Thornton v. Athens National Bank (Tex. Civ. App.) 252 S. W. 283; Hall v. Henry (Tex. Civ. App.) 239 S. W. 1015; Railway v. Fleming (Tex. Civ. App.) 203 S. W. 108; Railway v. Casey (Tex. Civ. App.) 172 S. W. 734; Laurel Oil Co. v. Stockton (Tex. Civ. App.) 281 S. W. 1109; Fain v. Nelms (Tex. Civ. App.) 156 S. W. 284. Improper argument will constitute ground for reversal only when the preponderance of the evidence seems to be against the verdict, and there is reasonable ground to believe that the verdict or findings of the jury were probably influenced thereby. Railway v. Irvine, 64 Tex. 529; Texas Power & Light Co. v. Central Texas Battery Co. (Tex. Civ. App.) 256 S. W. 644.

[5, 6] There is no contention that the verdict is not supported by the evidence, but the contention is that the evidence as to some of the issues was improperly admitted, and hence not competent. Neither is it contended that there was anything in either the evidence or the argument to arouse sympathy for appellee or prejudice against appellant. We would not be justified in assuming that any such reason existed, nor that the findings of the jury, which must be presumed to be impartial, were probably affected by the argument. Railway v. O'Hare, 64 Tex. 604.

The eleventh and twelfth propositions assert that the court erred in refusing to give appellant's requested charge for an instructed verdict. This charge was requested on the theory that there was no competent evidence that claim was made for compensation within six months after the injury, as required by article 8307, § 4a, Revised Civil Statutes 1925. There was ample evidence to support the verdict on this issue.

[7] By its twentieth proposition, appellant says that the court committed reversible error in failing to sustain its motion to incorporate into the judgment rendered a provision that the court retained jurisdiction to administer same under the Workmen's Compensation Act. There is no such motion shown by the record, nor is there anything in the record to show that any such motion was made by appellant or acted on by the court. There is a paragraph in the motion for a new trial asserting that the court erred in refusing to sustain such motion, and reference therein to its bill of exception No. 54, to the court's action in so refusing. As before stated, no such motion appears in the record, nor is there anything in the record to show that any such motion was made or act-

ed on by the court, nor is there any such bill of exception as No. 54 in the record. There is nothing in the record upon which to base the assignment, and it is overruled.

[8] The court did not err in overruling appellant's motion for a continuance. The application was not statutory, but was addressed to the sound discretion of the court, and, in our opinion, was insufficient. It was a second application, and did not state the diligence that had been used to procure the attendance of the absent witness or his testimony, merely stating that due diligence had been used; nor that the desired testimony could not be procured from any other source, as required by article 2168, Revised Civil Statutes 1925; nor did it state that the applicant expected to have the witness or his testimony at the next term of the court. Short v. Walters (Tex. Civ. App.) 231 S. W. 161; Carver Bros. v. Merrett (Tex. Civ. App.) 155 S. W. 633; Doxey v. Westerbrook (Tex. Civ App.) 62 S. W. 787.

[9, 10] Furthermore, the motion was correctly denied because it was a second application for continuance and for a witness that at the time was in Europe. The motion was made on October 4, 1926, and stated that the witness would probably return to his home in the city of Houston, Harris county, Tex., by October 10 or 11, 1926. The case was pending in Liberty county, and there had been an intervening term of court. No effort had been made to take the depositions of the witness, Dr. Israel, who was an eye specialist and had examined the eyes of appellee after the injury, but it was stated that he had promised to be present in court. Another eye specialist, Dr. Lapat, who also resided in the city of Houston, and who had examined and treated appellee's eyes for the injury, testified for appellant, and testified to practically all and the identical facts that it was proposed to prove by Dr. Israel, the absent witness. So that Dr. Israel's evidence, if he had been present and testified as set out in the application, would have been merely cumulative, and where the application is addressed, as it is here, to the discretion of the court, it is not error to refuse a continuance for testimony merely cumulative. Railway v. Pitkin (Tex. Civ. App.) 158 S. W. 1035; Railway v. Wright, 19 Tex. Civ. App. 47, 47 S. W. 56; Freeman v. Griewe (Tex. Civ. App.) 143 S. W. 730; Railway v. Lancaster (Tex. Civ. App.) 207 S. W. 606; Goodman v. Republic Investment Co. (Tex. Civ. App.) 215 S. W. 469. Moreover, it is not shown but that other witnesses capable of examining and testifying to the condition of appellee's eyes could have been had by the exercise of reasonable diligence on the part of appellant.

Other propositions are presented, but none of them show reversible error, and all of them are overruled. The judgment should be affirmed; and it is so ordered.

Affirmed.