### MARTINEZ v. MARTINEZ. (No. 7212.)

Court of Civil Appeals of Texas. Austin.
April 25, 1928.

**1. Marriage ⊚⇝13—Agreement to be husband and wife, living together thereunder, and holding out to public as such, are necessary to "common-law marriage."**

To constitute a common-law marriage, there must be an agreement, express or implied, to become husband and wife, a living together pursuant thereto as such, and a holding out of each other to the public as husband and wife.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Common-law Marriage.]

**2. Marriage ⊚⇝50(1)—Evidence, in action for divorce and partition of community property, held to warrant finding of common-law marriage between parties.**

In husband's action for divorce and for partition of community property standing in wife's name, evidence *held* to warrant finding that common-law marriage existed between parties and not illicit relationship, as claimed by defendant.

**3. Trial ⊚⇝115(2)—Argument of plaintiff's counsel that, if no common-law marriage existed, plaintiff would receive nothing for property in defendant's name, held improper.**

In action for divorce, and for partition of community property in wife's name, statement of plaintiff's attorney in argument that, if jury found there was no common-law marriage, plaintiff would not get one penny derived from that property, and that taking title thereto in defendant's name was part of her scheme to deprive plaintiff of his property, in so far as it charged defendant with scheming to deprive plaintiff of his property, might be treated as discussion of evidence, but, so far as it told jury result of their findings, it was improper.

**4. Trial ⊚⇝133(6)—Argument informing jury of legal effect of answers to special issues held harmless error, where issues were simple and jury was instructed to disregard argument.**

Where issues were few and simple, so that jury probably knew effect of their findings in answer to questions asked them without being told, any error in improper argument of plaintiff's counsel informing jury of legal effect of their answers was harmless, in view of instruction to disregard such argument and fact that evidence preponderated in support of findings.

**5. Appeal and error ⊚⇝930(2)—In absence of contrary showing, jury must be presumed to have obeyed instruction to disregard improper argument.**

In absence of contrary showing, jury must be presumed to have obeyed trial court's instruction to disregard counsel's improper argument.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Suit by Louis Martinez against Josefa Blanco Martinez. Judgment for plaintiff, and defendant appeals. Affirmed.

Heilbron, Kilday & Howard, of San Antonio, for appellant.

Andrew H. Young, Granvil W. Smith, L. B. Camp, Davis & Wright, all of San Antonio, for appellee.

BAUGH, J. Appellee sued appellant for divorce, alleging a common-law marriage, and for partition of community property. The case was submitted to a jury upon the following special issues:

"(1) Did the plaintiff and defendant, on or about March, 1912, enter into a mutual agreement that they would, commencing at once, live together for the future as husband and wife?

"(2) Did the plaintiff and defendant thereafter, pursuant to such agreement, if any, live and cohabit together as husband and wife, and hold each other out to the public generally as husband and wife?

"(3) Has the defendant, since May 15, 1924, lived in adultery with a man named Juan Gachuz?"

⊚⇝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The jury answered each of these questions in the affirmative. The court thereupon granted appellee a divorce, and ordered a sale of the community real estate, consisting of two lots in San Antonio, Tex., and partition of the proceeds, from which judgment Josefa has appealed.

Two questions are presented: (1) The sufficiency of the evidence to sustain the findings of the jury; and (2) improper argument of appellee's counsel.

We are unable to sustain either of appellant's contentions. The proof was not as full and satisfactory as it could have been, but the record discloses that the parties hereto were Mexicans of the laboring class, that neither could read nor write, nor speak English, and that their testimony was offered through an interpreter. This fact, with its resulting handicap on the parties in making themselves understood, combined to make portions of the testimony unsatisfactory and uncertain. On the whole, however, we think the evidence was clearly sufficient to sustain the findings of the jury.

It is conceded that no marriage ceremony was ever performed between the parties, and that they lived together continuously from 1912 to 1924, when appellant left appellee and entered into a ceremonial marriage with another Mexican. The two lots involved were conveyed, one to Josefa Blanco, and one to Josefa Blanco Martinez. They were paid for out of funds earned while the parties lived together.

[1, 2] To constitute a common-law marriage, there must be an agreement to become husband and wife, a living together pursuant thereto as such, and a holding out of each other to the public as husband and wife. And such agreement may be express or implied. Cuneo v. De Cuneo, 24 Tex. Civ. App. 436, 59 S. W. 285; Berger v. Kirby, 105 Tex. 611, 153 S. W. 1130, 51 L. R. A. (N. S.) 182; Texas Employers' Ins. Ass'n v. Soto (Tex. Civ. App.) 294 S. W. 640; 38 C. J., 317 et seq. All three elements must appear. A mere living together as husband and wife and so holding each other out to the public, without an agreement, is not sufficient to establish such marriage. Schwingle v. Keifer (Tex. Civ. App.) 135 S. W. 194. In the instant case there was sufficient proof, independent of appellee's testimony, to show that he and appellant lived together as husband and wife, and that they held each other out to the public as such. No witnesses were offered as to any prior express agreement between the parties to become husband and wife except the parties themselves. The appellee testified to such an express agreement; but appellant expressly denied having ever made any such agreement. According to her testimony, she voluntarily entered upon and continued an illicit relationship with appellee for some

twelve years, without any agreement or intention of ever becoming his wife. Such testimony in itself probably induced the jury to question her credibility. But, in addition to asserting an immoral relationship with appellee, she was contradicted by disinterested witnesses in such manner as to impeach her credibility otherwise. There was no evidence that at the time their cohabitation began, or at any time during its continuation, she was a woman of ill repute or of questionable character. No relationship of any improper character with any other man, prior to the time she and appellee separated, was ever hinted at. On the contrary, the evidence indicated the good reputation of both parties, and that their cohabitation during said twelve years was faithful, exclusive, and harmonious up to the time that Juan Gachuz entered upon the scene. These facts and circumstances were such as to strongly corroborate Louis Martinez's testimony of a legal and moral status resulting from the alleged agreement, implied if not express, and equally strongly calculated to discredit her testimony to the contrary. The great preponderance of the corroborating evidence and the circumstances support the findings of the jury.

[3] The next question relates to the improper argument of counsel. During his argument, counsel for plaintiff, appellee here, told the jury that, if they found that there was no common-law marriage between the parties, plaintiff would not get one penny derived from that property, and that taking title to said property in her name was a part of a scheme of appellant to deprive appellee of his property. Appellant's counsel objected to said argument on the ground that it was improper, prejudicial, etc. The court thereupon sustained the objection, and, turning to the jury, said:

"I instruct the jury to disregard it; you are not concerned with the effect of your findings, but answer the questions directly, according to the questions asked."

[4, 5] In so far as the argument charged appellant with scheming to deprive appellee of his property, it may be treated as a discussion of the evidence. In so far as it told the jury the result of their findings, it was improper. But the issues in this case were few and simple, and the jury in all probability knew the effect of their findings in answer to the questions asked without being told. If the verdict were contrary to the preponderance of the evidence, the conclusion might be reached that they were probably influenced by the misconduct complained of. But, in the light of the evidence adduced, which preponderated in support of the jury's findings, and of the instruction of the court to disregard counsel's argument, which, in the absence of a contrary showing, they are

presumed to have done, we have concluded that the error was harmless and does not require a reversal. Oilmen's Reciprocal Ass'n v. Hayes (Tex. Civ. App.) 295 S. W. 678, and authorities there cited; Thornton v. Bank (Tex. Civ. App.) 252 S. W. 283; T. P. & L. v. Central Tex. Battery Co. (Tex. Civ. App.) 256 S. W. 645.

The judgment of the trial court is therefore affirmed.

Affirmed.