· PAYNE, Director General of Railroads, v.
McINTYRE.   (No. 1318.)

(Court of Civil Appeals of Texas.  El Paso.
June 26, 1924.)

Appeal and error ⟬═══⟭1060(1)—Argument of
plaintiff's counsel held harmless error.

That plaintiff's counsel, in action for injury to cattle in transit, told jury that to find plaintiff guilty of contributory negligence · in shipping animals in a box car, instead of a stock car, would deny him a recovery, *held* not harmful.

Appeal, from Taylor County Court; D. G. Hill, Judge.

Action by L. D. McIntyre against John Barton Payne, Director General of Railroads. Judgment for plaintiff, and defendant appeals. Affirmed.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellant.

Ben L. Cox, of Abilene, for appellee.

WALTHALL, J.   L. D. McIntyre sued John Barton Payne, Director General of Railroads under federal control, as Agent for the account of the Wichita Valley Railway Company, the Missouri, Kansas & Texas Railway Company, and the Texas & Pacific Railway Company, for damages in the sum of $434.75, for alleged negligence in the shipment of 23 head of mules from Raton, Tex., to Fort Worth, Tex., on the 11th day of October, 1918.

The petition alleges substantially the following: On October 4th plaintiff ordered a car for the shipment of his mules on the 7th of October. On the 7th of October he penned his mules at Raton, and on said day contracted with defendant railway companies for the shipment of said mules from Raton to Fort Worth. That he was then ready to ship. That defendants railway companies then had on hand at Raton sufficient stock cars for the purpose of shipping said mules, but refused to allow plaintiff the use of a stock car, but permitted other parties who came in later and who had no previous arrangements for cars the use of said cars, and that he was compelled to keep his mules in the pens at Raton until the 11th of October, and was then furnished a box car for said · shipment instead of a stock car. The delay in furnishing him any car, and in furnishing a box car for said shipment, are assigned as acts of negligence. That by reason of such negligence he sustained damages in said shipment by reason of the delay at Raton, in the items stated aggregating the amount for which he sues.

Defendant, John Barton Payne, as Agent for the account of the M., K. & T. Ry. Co. and the T. & P. Ry. Co., answered by general

denial and contributory negligence on the part of the plaintiff in shipping said animals in the box car instead of a regular cattle car, and alleged that said negligence of plaintiff contributed proximately to the injury of said animals.

Plaintiff dismissed his suit as to all defendants except as to John Barton Payne, as agent of the United States government for the account of the Missouri, Kansas & Texas Railway Company. The case was tried with a jury, and submitted upon special issues. The jury found substantially as follows:

(1) Defendant was guilty of negligence in failing to furnish plaintiff a suitable car at Raton, in which to ship, within a reasonable time, the stock involved in the suit.

(2) The plaintiff was damaged as alleged by him in his petition.

(3) Plaintiff was not guilty of contributory negligence in shipping his stock in the box car.

(4) Plaintiff is entitled to recover damages in the sum of $330.79. Judgment was rendered for plaintiff for said amount.

Opinion.

In his argument to the jury counsel for appellee stated to the jury, in effect, that, if the jury should find that plaintiff was guilty of contributory negligence as submitted in the third special issue in shipping his stock in the box car instead of a stock car, they need not go any further; that the effect of such finding would be the plaintiff could not recover. Counsel for appellant objected to the statement on the ground that it informed the jury of the legal effect of their answer. Whereupon counsel for plaintiff, in the hearing of the jury, stated that the Courts of Civil Appeals of this state had a number of times decided that it was not error to make such statement. The court declined to instruct the jury to disregard the argument. Appellant excepted, and the only question presented on this appeal is the one of reversible error for the court to permit counsel, over objection, to advise the jury in his argument as to the legal effect, of their answer to the special issue submitted.

In Galveston, Harrisburg · & San Antonio Ry. Co. v. Harling, 260 S. W. 1016, the Commission of Appeals, Section A, decided the very question here presented, and against appellant's contention, and their decision was adopted by the Supreme Court. In that case, as in this, the issue as to whether the plaintiff was guilty of contributory negligence was a vital issue, and was by the evidence a sharply drawn issue. We need not further review the case, but only refer to it as authority directly· in point for overruling. the appellant's two propositions.

Finding no reversible error, the case is affirmed.

⟬═══⟭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes