Bill of exception 17, as qualified, fails to reflect error.

We have carefuly examined the remainder of appellant's contentions and express the opinion that reversible error is not presented.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

GRAVES, Judge.

Appellant has filed an exhaustive motion for rehearing herein which merely reiterates the points raised in his original brief filed in this cause.

We have carefully gone over the bills of exception, in the light of the original opinion herein, and we find that practically everything raised in such motion for rehearing has been noticed and written on in our former opinion. The motion brings nothing new to our attention, and we see no reason why we should recede from any position taken heretofore in this cause.

The motion will, therefore, be overruled.

## JOPLIN v. SOUTH TEXAS COACHES, Inc.
### No. 10614.

Court of Civil Appeals of Texas. Galveston.

July 7, 1938.

Rehearing Denied Sept. 22, 1938.

Devereaux Henderson and James A. Copeland, both of Houston (James A. Copeland, of Houston, of counsel), for appellant.

Vinson, Elkins, Weems & Francis, of Houston (John C. Townes and W. S. Elkins, both of Houston, of counsel), for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 80th District Court of Harris County, against appellant and in appellee's favor, entered at the latter's motion upon a jury's verdict in response to special-issues, wherein it was found that "an unexpected, violent, and unusual bounce and jerk of the bus", on which she was riding as a fare-paying passenger, had not occurred, as appellant had alleged as the basis for her suit for damages herein against the appellee as the owner and operator of such bus.

The issue of fact so answered had been a hotly contested one upon the evidence, the appellant in her own behalf having both alleged and testified that the appellee. had so negligently and carelessly driven and operated the bus as to cause it, in a sudden and unusual manner, to jump, jerk, and bounce up off of the road, thereby violently throwing her off of the rear seat she was occupying up against its ceiling and back down upon the seat, thereby seriously injuring her; whereas, in the appellee's behalf, following pleaded general and special denials upon its part that any such accident, or violent jerking, or resulting injury to the appellant had occurred at all, the only other passenger on the bus at the time, a Mrs. Bennett, together with R. L. Chaney, the appellee's driver thereof, both testified that there was nothing unusual upon that trip—that there was no unusual jerking or jumping of the bus, as appellant so claimed.

With the pleadings and proof for both sides in the condition as stated, the trial court, as the first issue thus raised, submitted the inquiry referred to supra, as follows:

"Do you find from a preponderance of the evidence that at the time and on the occasion in question there occurred an unexpected, violent, and unusual bounce and jerk of the bus?

"Answer 'We do' or 'We do not' as you find the fact to be."

After then telling the jury to answer them only in the event they had answered the first inquiry "We do", it appended thereto contingent details as to whether, as a result of any such unusual jerk of the bus, she had been thrown in the manner alleged by her, as to whether the jerk had been caused by negligence on the part of the appellee company, and as to whether such negligence, if any, on its part, had

constituted the proximate cause of appellant's alleged injuries, if any.

As indicated, the verdict was "We do not" in response to the quoted issue, no answers being returned upon any of the others given; whereupon, the decree followed, under the procedure recited.

In this court the appellant, without attacking this finding that no such alleged jerk had occurred as being without support in the evidence, makes in ultimate purport these two main contentions:

(1) The trial court should have sustained her written motion for an instructed verdict in her favor (made at the close of all the evidence) on the issues raised as to whether appellee had been guilty of such negligence as proximately caused her injuries, instead of submitting to the jury quoted special issue No. 1, because: (a) Such question was immaterial, since appellee, in paragraph 8 of its trial answer, admitted it was guilty of negligence that proximately caused appellant's injuries, in knowingly furnishing her while a passenger in a delicate condition a bus, the back seat of which was rough and was then traveling over a rough detour-road; (b) "such admission, as a matter of law, conclusively established appellee's negligence, proximately causing appellant's injuries, and entitled her to an instructed verdict in her favor thereon."

(2) The court committed reversible error in refusing her a new trial because of the improper and prejudicial argument to the jury of one of appellee's worthy counsel, made in its behalf upon this trial, among other things, to the effect: (a) In telling the jury that if they gave a negative answer to special issue No. 1, such answer "ends this law suit and you need not answer any further questions"; (b) in further telling the jury, in connection with his discussion of special issue No. 1, that the burden of proof was upon appellant to prove by a preponderance of the evidence that there was an unexpected, violent, and unusual jerk of the bus.

Neither of these presentments, it is determined, should be sustained; as concerns the first of them, it seems clear—in the circumstances here presented—that no such unconditional admission with the claimed legal consequences occurred in this instance; an inspection of the cited paragraph 8 of the appellee's answer, particularly subdivisions 5 and 6 thereof, upon which appellant relies, as containing the

admissions she declared upon, showed they were made by appellee in specifically charging her with detailed acts of contributory negligence in the way she conducted herself while so riding upon its bus, the ultimate purport of which was to allege that she should have known—under all the attending circumstances—that such an accident might occur, and that she should have taken some steps to protect herself; not only so, but they had been preceded by a general denial on its part of each and every allegation of negligence contained in her trial-petition, together with a demand for strict proof thereof, but, further, they were succeeded by and concluded with this: "Defendant does not admit that any accident occurred on defendant's bus at the time and on the occasion alleged in plaintiff's petition, but on the contrary expressly denies any accident occurred, nor does defendant admit that plaintiff sustained any injuries while riding on its bus at the time and on the occasion alleged in plaintiff's pleading, but expressly denies same."

In such a setting, and contrary to appellant's position, the rule thus cited in 33 Texas Jurisprudence, under the title "Pleading", paragraph 57, page 481, applies: "While a defendant may not both unconditionally admit and deny the averments of the petition, it has never been considered objectionable pleading to deny generally the plaintiff's allegations and then to go on and show by further pleas that, conceding the allegations to be true, the defendant has an affirmative defense."

The quoted text is fully sustained by these decisions: Bauman v. Chambers, 91 Tex. 108, 41 S.W. 471, 472; Silliman v. Gano, 90 Tex. 637, 39 S.W. 559, 40 S.W. 391; Ft. Worth & Denver Ry. Co. v. McAnulty, 7 Tex.Civ.App. 321, 26 S.W. 414; Fidelity Ins. Co. v. Sadau, Tex.Civ.App., 159 S.W. 137; Johnson v. Hall, Tex.Civ. App., 163 S.W. 399; Lovelady v. Harding, Tex.Civ.App., 207 S.W. 933; Peterson v. Graham Shoe Co., Tex.Civ.App., 210 S.W. 737; Davies v. Rutland, Tex.Civ.App., 219 S.W. 235.

In other words, whatever inconsistencies there may have been in these invoked paragraphs of the defendant's answer, with both its preceding and succeeding unconditional denials not only of all the averments of negligence against it, but also of the fact of any such accident or injury having occurred at all, certainly all

of the allegations of appellant's pleadings in declaring her cause of action against it were thereby put in issue, with the burden resting upon her to establish them; it is so specifically held in the McAnulty, Sadau, Harding, Peterson Cases, and others of the holdings thus cited, the Supreme Court in the Bauman Case putting it this way [page 472]:

■ " 'When a fact alleged in the petition is denied, either generally or specially, by the defendant in his answer, the plaintiff must prove it, although the defendant may, in another plea, aver the same fact. We have so held at the present term of this court. Silliman v. Gano, 90 Tex. 637, 39 S.W. 559, 40 S.W. 391.'

"As said in substance in that decision, to hold otherwise would virtually destroy the right given by our statutes to file inconsistent pleas, if they are filed in the due order of pleading."

■ It is equally clear that, the appellant having predicated her cause-of-action for negligence against the appellee upon the unconditional averment that the accident to herself had been the result of an unexpected, violent, and unusual bounce and jerk of the bus, indeed, not having even pled a cause of actionable negligence without that clause, and the evidence under it having been as summarized supra, an issue of fact over whether or not such a claimed accident and injury had resulted at all, was thus clearly raised by both the pleading and proof; wherefore, no attack having been made upon the verdict in that respect, to say nothing of the ample sufficiency of the evidence to sustain it, the question is now foreclosed.

■■ It follows, almost as a corollary from what has been said in overruling the claim for a peremptory instruction, that no prejudicial error has been made to appear in connection with the challenged argument of appellee's counsel; this for the well-nigh obvious reasons that in the first instance he did not tell the jury anything that as men of ordinary intelligence they did not already know in suggesting to them that a negative answer to special issue No. 1 would end this case, and, in the second, that appellant had the burden of proving by a preponderance of the evidence that there was such a jerk as she claimed.

The court itself, in effect, told the jury the same things, in so conditioning any answers at all to the succeeding inquiries upon their having answered issue No. 1 "We do", and in advising them that they were to be guided by the law as given them by the court; that merely informing the jury of something they already know in such instances as here occurred is not reversible error has been firmly established. Galveston, H. & S. A. Ry. Co. v. Harling, Tex.Com.App., 260 S.W. 1016; Galbraith-Foxworth Co v. Gerneth, Tex.Civ.App., 66 S.W.2d 471, writ of error dismissed; C. H. Hahl Co. v. Burch, Tex.Civ.App., 74 S.W.2d 1040, writ dismissed; Insurance Co. v. Couch, Tex.Civ.App., 290 S.W. 274, writ dismissed; Oilmen's Reciprocal Ass'n v. Hayes, Tex.Civ.App., 295 S.W. 675, writ dismissed; Prim v. Farmers' Bank, Tex.Civ.App., 28 S.W.2d, 941; Id., Tex. Com.App., 44 S.W.2d 943; United States F. & G. Co. v. Brandon, Tex.Civ.App., 31 S.W.2d 846; Hall v. Henry, Tex.Civ.App., 239 S.W. 1015; Thornton v. Athens Bank, Tex.Civ.App., 252 S.W. 278; Payne v. McIntyre, Tex.Civ.App., 263 S.W. 1100.

■ As further concerns counsel's statement, that the burden was so on appellant, the record here shows that, upon objection being made thereto, both the court and the counsel who made it, promptly instructed the jury to disregard that argument; wherefore, even had it been improper, it was clearly harmless. Petty v. Griffin, Tex.Civ.App., 241 S.W. 252, writ dismissed; Texas Compensation Ins. Co. v. Ellison, Tex.Civ.App., 71 S.W.2d 309; American Ins. Co. v. Moynahan, Tex.Civ. App., 36 S.W.2d 555; Hubb Diggs Co. v. Bell, 116 Tex. 427, 293 S.W. 808; Republic Production Co. v. Collins, Tex.Civ. App., 41 S.W.2d 100, 103.

While other questions are discussed in the briefs, they are regarded as having become immaterial, under the conclusion that the jury's answer to special issue No. 1 entitled the appellee to the judgment awarded it anyway.

These conclusions require an affirmance; it will be so ordered.

Affirmed.

PLEASANTS, C. J., absent.