**MARTINEZ et al. v. PENA.**

**No. 3926.**

Court of Civil Appeals of Texas. El Paso.
March 7, 1940.

Rehearing Denied April 4, 1940.

Max H. Wier and Wier & Wier, all of San Antonio (Martin, Moore & Brewster, of Fort Worth, on the brief), for appellants.

Phil Collins and Otis Collins, both of San Antonio, for appellee.

PRICE, Chief Justice.

For a statement of the nature and result of this suit we shall adopt that contained in the brief of appellants.

This suit was instituted by the appellee, Victoria Pena, in the 73rd District Court of Bexar County, Texas, being a suit for damages growing out of alleged personal injuries sustained on May 18, 1938, while appellee was crossing in the 1,000 block of West Houston Street, within the City of San Antonio, Bexar County, at a point other than at an intersection, and was struck by appellants' automobile.

For convenience, the parties will be hereinafter designated as they appeared in the trial court, appellants Antonio Martinez, Raymond Martinez, and Adam Gonzales, as defendants, and appellee, Victoria Pena, as plaintiff.

Plaintiff in her second amended original petition pleaded that she was walking from south to north across Houston Street, a

public thoroughfare within the corporate limits of San Antonio, Texas, and at the same time and place the defendant Adam Gonzales was driving a truck in a westerly direction on said street; that the truck struck plaintiff, and that she sustained personal injuries; that the accident was caused by certain acts of negligence on the part of the defendant Adam Gonzales in the operation of the truck, in that he was traveling at an excessive rate of speed, failed to keep a proper lookout, was operating said truck without having same under proper control; that he discovered plaintiff in a position of peril and failed to use the means at hand to avoid hitting plaintiff; that all of such acts of negligence were the proximate cause of said accident and of the resulting injuries to plaintiff.

Defendants filed a general demurrer and general denial, and in addition alleged contributory negligence on the part of the plaintiff, in that she was crossing the street at a point other than a street intersection within the business district of the City of San Antonio, in violation of a municipal ordinance prohibiting same; that plaintiff failed to keep a proper lookout; that each of the foregoing acts of negligence on the part of plaintiff was the sole cause of the accident and of the resulting injuries to plaintiff; that the accident was unavoidable.

The case was submitted on special issues, and the jury found for the plaintiff on the issue of discovered peril; that defendant Adam Gonzales was operating his automobile in excess of twenty miles per hour; that he operated same at a negligent rate of speed; that he failed to have said automobile under proper control; that he failed to keep a proper lookout; that all of such acts were negligent, and were each a proximate cause of the accident and injuries to plaintiff.

All issues of contributory negligence submitted on behalf of the defendant were found in favor of plaintiff, including the issue as to proper lookout. The damages were assessed at the sum of $3,595. Defendants have duly perfected an appeal therefrom, and the case is here for review.

Defendants seek reversal on the ground of improper argument; that the evidence did not justify the submission of the issue as to discovered peril; the verdict is contrary to the evidence, in that as a matter of law plaintiff failed to keep a proper lookout for automobiles in crossing the street at the time she was injured; and that the court erred in rejecting the testimony tendered by appellants relative to the character of the district in which the accident occurred. The relevancy of this testimony is asserted to be that there was a city ordinance relative to the crossing of streets at points other than street crossings as to certain parts of San Antonio, and had same been admitted it would have tended to have shown that plaintiff was guilty of negligence per se.

Independent of the finding as to discovered peril, the judgment is amply supported by other findings of negligence. Hence it will be unnecessary to discuss the evidence relating to that issue, unless, as contended by the defendants, as a matter of law, the evidence conclusively shows that plaintiff was guilty of contributory negligence in the matter of keeping a lookout.

■ We believe that the evidence was sufficient to justify the submission of the issue of discovered peril and the finding of the jury thereon. It is deemed unnecessary to set out the testimony relative thereto at length. Suffice it to say, that the driver of the truck, Adam Gonzales, saw plaintiff when she was standing on or near the south curb of the street preparatory to crossing same in a northerly direction; he likewise testified as to keeping a lookout in the direction in which he was going. There is no evidence that there was anything to obstruct his view at the time she was in the act of proceeding across the street. From some of his testimony it would seem to indicate that he did see her. Plaintiff, according to the testimony of the defendant Adam Gonzales, was struck about five feet from the north curb of Houston Street. In his deposition this same witness testified that he saw the plaintiff from the time she stepped off to Houston Street from the curb until the truck struck her. There was evidence that she was running fast before the collision, also that she was walking fast; that the horn was sounded; that it was not sounded; conflicting evidence as to the speed of the truck. A slacking of the speed of the truck sooner would probably have prevented the accident. Under the evidence different deductions may be drawn as to when the driver realized the peril.

■ As to the question raised that the evidence is insufficient to sustain the finding that the plaintiff failed to keep a proper lookout, the burden was upon defend-

ants to establish this issue. Plaintiff testifies that before attempting to cross Houston Street she looked in both directions, and while she was proceeding across the street up until the time she was struck she was looking from time to time in both directions. It is true, she stated she did not see the truck in question until immediately before it struck her. From her statement that she failed to see the truck until just before it struck her defendants seek to draw a conclusive presumption that she failed to keep a proper lookout. The surrounding facts cited to support this conclusion are that there was no obstruction to her view, and it was a clear, sunshiny day. We do not think this evidence sufficient to make it an uncontroverted fact that she failed to keep such a lookout. In any event, the driver of the truck had the same opportunity to observe plaintiff as plaintiff had to observe the approach of the truck. The jury found in her favor as to the issue of discovered peril. The finding as to discovered peril is sustained by the evidence, and this finding supports the judgment rendered, regardless of whether plaintiff was or was not guilty of contributory negligence.

■ In regard to the rejected testimony of the witness Lewis Lacey, defendants' bill as to this matter is fatally defective, in that it fails to show what his testimony would have been had defendants been allowed to interrogate the witness along the lines sought. The court permitted proof as to the residential or non-residential character of Houston Street in the vicinity of the collision. But, as we have stated, in order to complain of the rejection of testimony, there must be a showing by avowal or otherwise as to what the testimony would have been. Shippers' Compress & Warehouse Co. v. Davidson, 35 Tex.Civ. App. 558, 80 S.W. 1032; McMillion v. Cook, Tex.Civ.App., 118 S.W. 775.

The witness seems to have testified as to the condition on Commerce Street, and such testimony was not stricken by the court. The assignment is overruled.

In the opening argument to the jury, in discussing with them special issue No. 15, counsel for the plaintiff said: "There can be only one sole proximate cause to an accident. Now in answering this question if you should go out and answer it in the affirmative you would be absolving the defendant of all these other acts of negligence, and we believe that these other acts of negligence should not be excused."

The bill of exceptions shows that defendants made objection to the court to this argument, not making same known to the counsel for the plaintiff. The basis of the objection was that the argument instructed the jury as to the legal effect of their answering said special issue in the affirmative, and was in effect a plea to the jury to frame their answers so as to accomplish a result rather than to answer the questions separately as they found the facts to be from the evidence.

Question No. 13 was in substance whether the plaintiff was negligent in entering upon and attempting to cross West Houston Street in the manner she did at the place in question. Number 14 was submitted conditionally on an affirmative answer to question 13, and was as to whether, 'if 13 be answered in the affirmative, such negligence was a proximate cause. Fifteen was conditioned on an affirmative answer to 13, and was "Do you find from a preponderance of the evidence that such negligence, if any, on the part of the plaintiff, Victoria Pena, was the sole proximate cause of the accident and injuries, if any, to plaintiff?" Question No. 13 was answered in the negative. Disregarding the court's instruction, the jury answered question No. 15, The finding was in the negative. In connection with fifteen the jury were instructed by the court that there can be only one sole proximate cause of an event.

■ Now it is very clear that it is improper for counsel in argument to apprise the jury of the legal effect of their findings on the issues submitted. Such, of course, would defeat one of the main purposes of the submission on special issues. Further, if argument violate this rule and the harmlessness of such argument does not appear, it is reversible error. South Plains Coaches v. Behringer, Tex.Com.App., 13 S.W.2d 334; McFaddin v. Hebert, 118 Tex. 314, 15 S.W.2d 213; Consolidated Underwriters v. Murphy, Tex.Civ.App., 29 S.W.2d 831.

Plaintiff contends that even though the argument be construed as contended by defendants, that the jury were men of ordinary intelligence and could not but have known that one suffering injury as the sole proximate cause of his own negligence could not recover damages therefor; that

the court informing the jury that there could be but one sole proximate cause rendered the effect of their answer clear to them. Furthermore, that if error there was, it was immaterial because the jury, under their findings, should not have found upon such issue. Joplin v. South Texas Coaches, Inc., Tex.Civ.App., 119 S.W.2d 1060, and authorities there cited.

■ The jury found that plaintiff was not guilty of negligence. Finding on the question of proximate cause or sole proximate cause relative to such alleged negligence thereto became immaterial. It could hardly be said that the argument could have in any way influenced their findings on the issues as to the negligence on the part of the plaintiff or on the part of the defendant. A paraphrase would be, "If you find No. 15 in the affirmative, you will find that plaintiff's injuries were solely her fault; if her injuries were solely her fault the defendants are blameless. We do not believe that they are blameless." In any discussion of a special injury submission the jury are in a measure informed as to what the legal effect of their answers are going to be. Counsel in arguing strive to have the jury answer the issues in a certain sort of way. It is legitimate for them so to do. If incidentally the jury infer the legal effect of their answers, this does not render the argument improper. The fact that jurors may know the legal effect of their answers does not warrant the inference that they did not arrive at the verdict in a lawful manner.

■ In the argument as made there is no direct literal advice to the jury as to the legal effect of the issue and an appeal to the jury to answer same so as to effectuate an end. In the cases of McFaddin v. Hebert, 118 Tex. 314, 15 S.W.2d 213; South Plains Coaches v. Behringer, Tex. Com.App., 13 S.W.2d 334, and Texas & Pacific v. Edwards, Tex.Com.App., 36 S.W. 2d 477, there was a clear-cut violation of the rule as to advising the jury of the legal effect of their answers. The arguments were made for that purpose. Here it is not manifest that the argument was made for that purpose, and it requires a construction at least to make it convey the information it is charged it did convey.

Defendants, as showing that harm resulted from the argument, call attention to the fact that not only did the jury find on issue fifteen, when they were not required to so find on the conditional submission, but likewise found on issue number eighteen, a similar issue as to another ground of alleged negligence on the part of plaintiff. From this fact it is sought to be deduced that the jury, in answering the issues, followed the argument rather than the court's charge. Issue No. 21 was submitted with similar condition as to 15 and 18, and was not answered. If the jury did make findings in this case without regard to the evidence, but in order to bring about a judgment for plaintiff, their answers to issues 15 and 18 in no way tended to effectuate this purpose. There is no evidence in the record that the jury here attempted to so answer the issues as to bring about a verdict for plaintiff.

In the case of Houston, E. & W. T. Ry. Co. v. Sherman, Tex.Com.App., 42 S.W.2d 241, the appeal was direct for the jury to so frame their answers as to bring about a recovery. In fact all of the questions were answered in accordance with the suggestion of the closing argument. In the course of the opinion it is mentioned as evidence of the fact that heed was given to the argument; that the jury answered as to a number of issues submitted only conditionally when they were not required to answer under their other findings. The findings in that case almost literally track the argument. The appeal was to so answer the questions in order to help the plaintiff keep her children in school, and coupled with a passionate appeal to answer them on behalf of the plaintiff and her seven children.

Here we do not believe the argument was intended to convey to the jury information as to the legal effect of the answer to the issue. Further, we believe if it did so convey such information, that it was something the jury already knew. Any reasonable man should and does know that where one is injured solely through his own fault, he cannot and should not hold another liable therefor. It involves the ability to distinguish right from wrong. The prime purpose of the plaintiff was to establish liability, and that of the defendant to defeat liability. If this argument was improper, we find that it is shown to be harmless.

There is no reversible error in the record. The case is affirmed.