**TEXAS EMPLOYERS' INSURANCE ASSO-
CIATION, Appellant,**

v.

**C. A. MENDENHALL, Appellee.**

No. 16098.

Court of Civil Appeals of Texas.

Fort Worth.

April 15, 1960.

Rehearing Denied May 13, 1960.

Nelson, Sherrod & Lambert, and Eugene Sherrod, Jr., Wichita Falls, for appellant.

Peery & Wilson, and Bob L. Wilson, Wichita Falls, for appellee.

MASSEY, Chief Justice.

This is a workmen's compensation case. C. A. Mendenhall, claimant under the Act, recovered judgment for total and permanent disability of and from the insurance company, Texas Employers' Insurance Association, from which judgment the Company has appealed.

Judgment affirmed.

The sole question presented on the appeal is whether the attorney for the claimant committed reversible error in making an alleged improper closing argument to the jury.

In the record before us the opening argument, as well as that made in closing, is brought forward in the Bill of Exceptions but no complaint is made of the opening argument in the Company's motion for new trial. The argument made in behalf of the Company is not brought forward, and nothing appears (as by way of some statement by the court, etc.) affirmatively disclosing anything that was said during the argument in behalf of the Company. The Company's Bill of Exceptions, containing both the opening and closing arguments and complaining that they amounted to prejudicial error for reasons stated, was approved without qualification by the trial judge.

The Company's sole point of error is subject to the construction that both the opening and closing arguments are complained of, but in view of the limiting scope of the ground presented in its motion for new trial we consider only the closing argument. Furthermore, only those parts of the closing argument complained of in the motion for new trial will be considered. Such included that part wherein it was contended that claimant's counsel argued that the case would be lost (by claimant) unless they (the jury) answered certain issues in a certain manner and they were further advised of the effect of their answers to the issue being submitted, and by further language particularizing such complaint as applied to Special Issue No. 8, which inquired whether "total disability" of the claimant, if any had been found, would be "permanent" or "temporary". The parts complained of also included that wherein the jury was informed that if No. 8 was not answered "permanent" it would be disappointing or discouraging to the claimant, etc.

Those parts of the closing argument made by the attorney for the claimant important to be borne in mind follow:

"* * * Larry said, 'Well, I don't know. I am sure so sure. I don't want to concede that.' It is not good trial strategy for an insurance lawyer to concede too much. If we will argue and hold back, we will get this key word, 'compromise.' You ask yourselves why is that so important? They say, oh, I am a bad fellow because I don't like compromise. I wish I could tell you why this is so important.

"You see, they have blind-folded the jury under our rules of procedure. You can't discuss the effect of your answers. Let me say this to you now; if in the jury room someone starts saying something is going to happen here if we answer this issue 'Another employee had not worked,' or this sole cause issue, a certain result is going to happen, the Foreman and the rest of

the jury must immediately stop that juror and say, 'Wait a minute. We can't discuss the effect of our answers.' If you do, you will have a mistrial.

*    *    *    *    *    *

"It is my duty to tell you how important this issue is right there. It is my duty to that man because I am on his side of this lawsuit, and I know the effect of that answer.

"Mr. Sherrod: Your Honor, that is improper argument. He is attempting to lead the jury to believe that one answer has more dignity and more importance than another. He is attempting to advise the jury and mislead them on the effect of their answers. We ask the Court to instruct the jury not to consider that argument for any purpose whatsoever.

"The Court: I will overrule the objection.

"Mr. Sherrod: Please note our exception.

"Mr. Wilson: I am not trying to tell you the effect of your answers. I can't. I am telling you I can't.

"Mr. Sherrod: We object to any further advising them on what he can and what he can't instruct them on. The Court gives the instructions on the law, and I think counsel is limited in his argument to the evidence.

"The Court: The jury will be governed by the instructions given in the Court's Charge.

"Mr. Sherrod: We ask the Court to instruct the jury not to· consider the last remark of counsel.

"The Court: You are so instructed.

*    *    *    *    *    *

"All of this, you see, is taking the facts and chopping them up and trying to find one little thing that will lead to that key word of compromise. Oh,

Gene finally gets the ultimate. He heard of a juror one time who said, 'Well, I really feel sorry for this fellow, but it wouldn't be fair if we answered "permanent" to this issue because it would discourage him.' I am going to tell you this: if this jury comes in with something less than permanent, you are going to find plenty of discouragement.

"Mr. Sherrod: We object to that argument, Your Honor. I think the Court gave the jury a choice. We ask the Court to instruct the jury not to consider that argument.

*    *    *    *    *    *

"The Court: Overruled.

"Mr. Sherrod: Note our exception.

*    *    *    *    *    *

"But they think he can contract. The Court doesn't ask you that at all. He tells you positively it is total disability unless he can do the work, not contract to do it.

"Mr. Sherrod: We object to that, Your Honor. The Court didn't tell the jury any such thing, Mr. Wilson.

"The Court: The jury will be governed by the instructions given in the Court's Charge.

"Mr. Sherrod: And not by what the counsel says the Court said.

"Mr. Wilson: When this lawsuit is over with, and it will be in about an hour, I hope, and I bet you do too, you and I are going to forget it, I hope. Mr. Mendenhall won't. I don't say this to seek anything except your very most careful attention to this evidence. As Gene said, he can't come back here ever again. You can guess and say, like Doctor Hurn said, 'Well, maybe it is possible, and we are going to find partial here.' Remember this; this man's lawsuit is controlled by your answers to a few key questions. Don't compromise under the evidence.

"Mr. Sherrod: We object to that again. The Court doesn't say so in the Charge, and I don't think counsel can instruct the jury as to what the law is. It is advising them of the effect of their answers.

"The Court: Sustain the objection.

"Mr. Sherrod: We ask the Court to instruct the jury not to consider that argument.

"The Court: You are so instructed, ladies and gentlemen.

"Mr. Wilson: Those of you who know, under this evidence, that another employee had worked, that it was not due solely to a prior disease, that it was not due solely to a prior heart injury, that that issue should be answered 'permanent.'

"I ask you quite sincerely to stand by your convictions. Sometimes juries hang. I hope that doesn't happen here. But if your convictions, under this evidence, are this way, hang the jury before you compromise your convictions.

"Mr. Sherrod: Your Honor, that is improper argument. We object to it, and ask the Court to instruct the jury not to consider it.

"The Court: Overruled.

"Mr. Sherrod: Note our exception."

■ Remarks made in jury argument which follows argument made by one's adversary, which are neither shown to have been made, or not been made, in reply to those previously made in behalf of the adversary,—will be presumed to have been made in reply. 4 Tex.Jur.2d, p. 318, "Appeal and Error—Civil", sec. 801, "Argument of counsel"; Kansas City, M. & O. R. Co. v. West, Tex.Civ.App., Austin 1912, 149 S.W. 206, 210; Gross v. Blecker, Tex. Civ.App., Galveston 1937, 105 S.W.2d 282, 285. It may readily be observed from the argument copied into this opinion that we would be obliged to presume that a good

many of counsel's statements were provoked by or in reply to argument which had been made by the Company's attorneys.

When we do this, it would appear that all that would remain of the argument, uncomplicated by the presumption, would be counsel's statements as follows: "I know the effect of that answer (meaning one of the questions material only upon wage rate). * * * I don't say this to seek anything except your very most careful attention to this evidence. As Gene said, he can't come back here ever again. You can guess and say, like Doctor Hurn said, 'Well, maybe it is possible, and we are going to find partial here.' Remember this; this man's lawsuit is controlled by your answers to a few key questions. Don't compromise under the evidence (to which argument objection was made and sustained and the jury instructed not to consider it) * * * stand by your convictions. Sometimes juries hang. I hope that doesn't happen here. But if your convictions, under this evidence, are this way, hang the jury before you compromise your convictions."

■ If the "legal" effect of the argument to which the objection was sustained was to inform the jury that an answer of "Yes" to the special issue on whether the claimant's injuries resulted in any "partial" disability (and it was not answered since at an earlier point in the charge the jury found the disability to have been both "total" and "permanent") meant that claimant would lose his case, or at least fail to receive a judgment for as great an amount in money,—then reversible error would have been the result, despite the court's instruction that the jury not consider said argument. Airline Motor Coaches v. Curry, Tex.Civ.App., Beaumont 1945, 191 S.W. 2d 98, writ ref. w. m; Pacific Employers Ins. Co. v. Barnett, Tex.Civ.App., Fort Worth 1950, 230 S.W.2d 331, writ ref. n. r. e. But where, as here, the statement made to the jury is not a direct literal advice as to the legal effect of an issue and an appeal to the jury to answer the same

so as to effectuate an end, the argument is legitimate, as this court recognized in Pacific Employers Ins. Co. v. Gage, 1947, 199 S.W.2d 537, writ ref. n. r. e. See also Martinez v. Pena, Tex.Civ.App., El Paso, 1940, 139 S.W.2d 337, writ dism., judgment correct, decided even before the presently controlling Rules of Civil Procedure. Where argument requires a construction on the part of a juror or jurors in order for them to arrive at the point of mental awareness where they would properly be considered to be informed thereby as to the effect of answer or answers to an issue or issues, such argument could not be said to amount to improper argument. If it were otherwise, the cases would be rare indeed wherein an advocate could make any argument of any fervor in a case submitted on special issues without committing reversible error, for at the close of most arguments intelligent jurors know the issues as to which an answer of "Yes" will tend to produce a total or partial victory for one party, but as to which an answer of "No" will tend to produce a defeat, at least of some degree. As applied to the issue as to which argument here considered was made, we believe that any ordinarily intelligent juror knows that a partially disabled workman is entitled to a smaller amount of compensation than a totally disabled workman, whether he has heard any argument or not.

■ Nor was the jury informed of anything that it did not already know when counsel stated that he knew the effect of an answer upon a wage rate issue. Furthermore, it appears from the record that the compensation rate applicable to the case would have been the maximum under any theory. Regarding the argument of counsel asking that the jury "hang" before any member in agreeing to an answer would have compromised upon any conviction he might have arrived at from the evidence, we are not of the opinion that there is any impropriety in such an argument. Continental Bus System, Inc. v. Toombs, Tex. Civ.App., Fort Worth 1959, 325 S.W.2d 153, 158, writ ref. n. r. e.

■ Furthermore, even when we disregard the *presumption* that counsel's argument was provoked by that of the adversary or in answer thereto, and indulge a presumption to the contrary and consider everything said by counsel in the argument we have copied herein, we must nevertheless remember that in order to obtain a reversal on account of improper argument under our presently controlling Rules of Civil Procedure a complaining party must show that such argument was reasonably calculated to cause and probably did cause one or more jurors to agree to return answers controlling of the verdict to which he or they would not have agreed but for the improper argument. T.R.C.P. 434 and 503, and cases cited thereunder upon the applicability of said Rules to jury arguments.

In the instant case, neither the showing presented to the trial judge on the hearing of the Company's motion for new trial nor to this court by the record includes affirmative proof that any juror was activated by any passion or prejudice in arriving at any answer returned by the jury,—did not know the effect of any answer prior to the time the argument complained of was made, but was informed thereby of the effect of some answer to some particular issue,—or that any juror returned any answer so as to accomplish some preconceived objective rather than in strict accordance with the instructions given by the court. We are therefore confined, as was the trial judge on motion for new trial, to the consideration of solely the argument itself. It is upon it alone that we must ponder in the attempt to resolve the legal question of whether it was reasonably calculated to cause and also probably did cause the return of an erroneous verdict and rendition of an erroneous judgment. We are not convinced that it was or that it did even though the *presumption* previously mentioned be wholly disregarded.

Judgment is affirmed.