**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee,**

**v.**

**Lois B. ODOM, Appellant.**

**No. 6608.**

Court of Civil Appeals of Texas.

Beaumont.

Sept. 12, 1963.

Rehearing Denied Oct. 9, 1963.

Keith, Mehaffy & Weber. Beaumont, for appellant.

Fulmer, Fairchild & Badders, Nacogdoches, for appellee.

STEPHENSON, Justice.

This is an appeal from a judgment awarding plaintiff recovery for total and permanent disability under the Workmen's Compensation Law. The judgment was based upon a jury verdict. The parties will be designated here as they were in the trial court.

■ The defendant's first point is as follows: The trial court erred in entering judgment for total and permanent disability because said disability is contrary to the law. This point is too general to demonstrate to this court with sufficient clarity the error complained of. In the statement, argument and authorities, this point is grouped by counsel for defendant with point of "no evidence" and "insufficient evidence" to support the finding of the jury that plaintiff suffered total and permanent incapacity.

■ The question as to "no evidence" is one of law and is to be tested on appeal by considering only the evidence favorable to the verdict and disregarding all other. The plaintiff testified he had pain in the back of his neck which had been there since the date of his accident, and that his condition was getting worse. Dr. C. M. Covington testified that in his opinion plaintiff had an extruded disc, most probably between C–6 and C–7, and that plaintiff was totally disabled to do manual labor and in his opinion would be so permanently due to the injury

sued upon. The findings of the jury were supported by this evidence.

■ In determining the point as to the sufficiency of the evidence to support the findings of the jury that plaintiff had sustained total and permanent disability, we must look at all of the evidence bearing on these issues. Giving due application to this rule, we have considered all of the evidence on this point. While there is a definite conflict between the medical witness testifying for plaintiff and defendant, and while there are certain inconsistencies in the record, we cannot and do not conclude that the verdict in this case is so against the great weight and preponderance of the evidence as to be manifestly unjust. This point is overruled.

■ Defendant contends the trial court committed reversible error in not granting its motion for mistrial because of argument by counsel for plaintiff to the jury. The argument complained of by defendant as informing the jury as to the effect of their answer, was made by counsel for plaintiff in discussing Special Issue 11. This issue read as follows:

"Special Issue No. 11.

"Do you find from a preponderance of the evidence that the incapacity, if any, you have found, of Lois B. Odom is not due solely to pre-existing conditions, injuries, infirmities or diseases existing independently of and having no connection with the injury alleged to have been sustained by him on August 30, 1961?

"Answer: 'His incapacity is due solely to pre-existing conditions, injuries, infirmities or diseases' or 'His incapacity is not due solely to pre-existing conditions, injuries, infirmities or diseases.'

"Answer: *His incapacity is not due solely to pre-existing conditions, injuries, infirmities or diseases.*"

The following argument, motion and ruling of the court was made:

"That one hundred and ninety hours, he'd counted it up and knew that was what it was; that is right at fourteen hours per day continously for two weeks; I knew that all the time, but the juror was shaking his head at me, but I knew he was working right at fourteen hours a day; do you think a disabled man could work fourteen hours a day? You don't think he was disabled before he got hurt. You will have to find he got disabled and actually, solely, wholly, every bit, and if you said, 'yes', said 'Yes, his incapacity was due solely.' you would be throwing it out the window. Yes, he had no injury.

"MR. McNICHOLAS: May I make my objection?

"THE COURT: Yes, Sir.

"MR. McNICHOLAS: Comes now the Defendant and respectfully moves the Court to declare a mistrial, and as grounds therefor would show unto the Court that Plaintiff's counsel, Mr. Fulmer, during his argument to the jury in his argument indicated to the Jury the effect of their answer, such being highly prejudicial to this Defendant and refers to the established Texas Rules of Civil Procedure, and in connection therewith, it being the type of error that cannot be cured by an instruction.

"Wherefore, Defendant respectfully requests the Court to declare a mistrial and discharge the jury.

"Respectfully submitted,

"THE COURT: The motion to declare a mistrial is overruled.

"THE COURT: Ladies and Gentlemen of the Jury, you will not consider that portion of the argument as made by Plaintiff wherein he advised you how to answer a certain issue and if you didn't answer the issue in a certain way the effect or result of such failure to so answer.

"MR. McNICHOLAS: I respectfully move the Court again to declare a mistrial for the reason that it is the type of error that cannot be cured by an instruction, an instruction only compounding and bringing the error more forcefully to the jury."

The portion of this argument specifically objected to was the words "you would be throwing it out the window." Defendant urges this as meaning in effect the plaintiff would not win. Plaintiff argues the meaning was it would be throwing all of the evidence, as to the ability of plaintiff to work 14 hours per day before the accident, out the window. A careful reading of the argument reveals it could be given either interpretation. We must give the plaintiff the benefit of the doubt. See Texas Emp. Ins. Ass'n v. Mendenhall, Tex.Civ.App., 334 S.W.2d 850. Even should this court place the other interpretation upon this argument, and find counsel for plaintiff was referring to the plaintiff's cause of action rather than the evidence of long hours of work, we do not believe the attorney would have been informing the jury of anything they did not already know. It must have been obvious to the jury that if plaintiff's incapacity was due solely to pre-existing conditions, infirmities or diseases, that his cause of action against this defendant would go out the window. Maryland Casualty Co. v. Hill, Tex.Civ.App., 91 S.W.2d 391.

The trial court refused to submit eight special issues requested by defendant inquiring as to whether or not other prior injuries, specifically set out in the requested issues, contributed to plaintiff's present incapacity. Defendant's answer contained the following

"Subject to the foregoing, the defendant says that if the plaintiff is suffering from any disability whatsoever, which is not admitted, but ex-

pressly denied, then such disability is solely due to diseases, natural causes, and prior injuries, wholly disassociated from the alleged injury forming the basis of this suit."

Special Issue No. 11, which is set out above in this opinion, was submitted to the jury. This issue substantially followed the wording of the defendant's answer. The issues requested by defendant were not in the pleadings, and the trial court did not err in refusing to submit them. Rules 277, 279 and 294, Texas Rules of Civil Procedure. Jenkins v. Hennigan, Tex.Civ.App., 298 S.W.2d 905.

■ The trial court admitted in evidence the hospital records which contained the following:

"Diagnosis—Acute cervical strain. Chronic myositis."

The record was signed by Dr. Copeland. The defendant objected to the admission of the records because they contained the diagnosis of the doctor on the ground it was a hearsay transaction. The trial court sustained the objection at that point. Counsel for plaintiff proceeded to prove by the admission clerk of the hospital that the hospital records tendered were a part of the permanent hospital records, kept in the regular course of business, and signed by Dr. Sam Copeland. When the evidence was re-offered, the record does not show any further objection was made to its admission. Dr. Copeland was called as a witness and testified and was asked about this diagnosis, at which time he testified as follows:

"Acute cervical strain and chronic myositis, which is the diagnosis I entered on that man's record at the hospital."

We do not approve of the admission of hospital records containing opinion evidence of a doctor, especially in reference to a subject as uncertain as an acute back strain and chronic myositis. We agree with the statement of law made in the case, Martinez v. Williams, Tex.Civ.App., 312 S.W. 2d 742, in reference to the admissibility of this type of evidence. However, even if we assume this error of the court was preserved, in view of the testimony given by the same doctor on the witness stand it was harmless error. Rule 434, T.R.C.P.

Judgment affirmed.