Long 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING









NO. 03-95-00163-CV







Janie Long, Individually and as surviving parent of Ladonda Long, Deceased,


and Jim Wade Long, Deceased, Appellants



v.



City of San Angelo and Samuel Poindexter, Appellees







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT


NO. CV93-1200-C, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING







 Our opinion of May 29, 1996 is withdrawn and this one is substituted in its place.


 Appellant Janie Long ("Long") appeals from a take-nothing judgment in favor of
the City of San Angelo and Samuel Poindexter ("the City"). Long seeks reversal of the judgment,
claiming that the evidence is legally and factually insufficient to support the jury verdict, and that
the City's jury argument constituted reversible error. Long also complains of the trial court's
evidentiary rulings. We will affirm the trial-court judgment.



BACKGROUND


 This appeal stems from a fatal car accident in San Angelo between Long and
Samuel Poindexter. Long and her two children were driving through an intersection controlled
by a traffic light when a City-owned tractor-trailer driven by Poindexter hit her car broadside. 
The two children died as a result of the collision.

 Travis Long ("Travis"), the father of the children and ex-husband of Janie Long,
brought wrongful death and survivor actions against the City and Poindexter. See Tex. Civ. Prac.
& Rem. Code Ann. §§ 71.002, .021 (West 1986). The City denied Travis's allegations of
negligence and impleaded Janie Long as a third-party defendant, alleging that her negligence
proximately caused the children's deaths. Janie Long answered with a general denial and brought
cross-claims against the City, asserting the same causes of action as Travis and seeking damages
for her own injuries.

 While these actions were pending, the City reached a settlement agreement with
Travis and Dairyland Mutual Insurance Company, the insurer of the car driven by Janie Long. 
The insurer tendered the car's policy limit of $40,000 to the City, presumably in exchange for
release of further liability; the City then paid the $40,000 plus an undisclosed sum to Travis. In
October 1994, the trial court granted Travis's motion to dismiss his action with prejudice. In
consideration of the settlement agreement with the insurance company, the City moved to dismiss
with prejudice its third-party claims and causes of action against Janie Long, stating that it no
longer wished to prosecute these claims against her. The trial court rendered an order dismissing
the City's claims with prejudice in September 1994. The City's motion and the trial-court order
both acknowledged that Janie Long's action against the City remained pending.




DISCUSSION AND HOLDINGS


 In her first three points of error, Long claims the trial court erred in its evidentiary
rulings. The admission or exclusion of evidence rests within the sound discretion of the trial
court. New Braunfels Factory Outlet v. IHOP Realty Corp., 872 S.W.2d 303, 310 (Tex.
App.--Austin 1994, no writ). The trial court commits an abuse of discretion when it acts in an
unreasonable or arbitrary manner, or acts without reference to guiding principles. Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991). The exclusion of evidence ordinarily
does not constitute reversible error unless the complaining party can show that the whole case
turns on the excluded evidence. Porter v. Nemir, 900 S.W.2d 376, 381 (Tex. App.--Austin 1995,
no writ). Further, there is no reversible error if the evidence in question is cumulative and not
controlling on a material issue dispositive of the case. New Braunfels Factory Outlet, 872 S.W.2d
at 310.

 At trial, Long contended that the dismissal with prejudice of the City's third-party
claims amounted to an adjudication on the merits of the City's negligence allegations against her. 
As such, she claimed, the dismissal motion and order constituted a judicial admission by the City
that Long was not negligent. Long sought to exclude any evidence of her own negligence based
on this alleged admission. The trial court rejected her contention and allowed the City to present
evidence of Long's negligence. Long makes these same assertions on appeal, claiming that the
trial court erred in allowing the evidence of her negligence. Long further claims that because
evidence of her negligence should not have been admitted, the trial court erred in submitting a
jury question on Long's negligence.

 A true judicial admission is a formal waiver of proof usually found in the pleadings
or stipulations of parties. Mendoza v. Fidelity & Guaranty Ins. Underwriters, Inc., 606 S.W.2d
692, 694 (Tex. 1980). A judicial admission is conclusive upon the party making it, and it relieves
the opposing party's burden of proving the admitted fact, and bars the admitting party from
disputing it. Id. Judicial admissions are distinct from testimonial declarations, or quasi-admissions, which are not conclusive on the admitter. Id. A quasi-admission will be treated as
a conclusive judicial admission if it appears:



(1) That the declaration relied upon was made during the course of a judicial
proceeding; 


(2) That the statement is contrary to an essential fact embraced in the theory of
recovery or defense asserted by the person giving the testimony; 


(3) That the statement is deliberate, clear and unequivocal, and that the
hypothesis of mistake or slip of the tongue is eliminated;


(4) That giving conclusive effect to the declaration will be consistent with the
public policy upon which the rule is based; 


(5) That the statement is not also destructive of the opposing party's theory of
recovery.



Id. In her brief, Long incorrectly applies this testimonial declaration standard to the dismissal in
an attempt to characterize it as a judicial admission.

 The City's dismissal of its third party claims must be a deliberate, clear, and
unequivocal waiver of proof on the issue of Long's negligence for it to be deemed a judicial
admission. See Houston First Am. Sav. v. Musick, 650 S.W.2d 764, 768 n.5 (Tex. 1983);
Mendoza, 606 S.W.2d at 694; American Casualty Co. v. Conn, 741 S.W.2d 536, 539 (Tex.
App.--Austin 1987, no writ). Furthermore, only assertions of fact can be judicially admitted. 
Pierce v. Pierce, 850 S.W.2d 675, 679 (Tex. App.--El Paso 1993, writ denied) (citing Musick, 650
S.W.2d at 767). In deciding whether the dismissal constitutes a judicial admission, we are
mindful that the doctrine of judicial admission should be applied with caution. Esteve Cotton Co.
v. Hancock, 539 S.W.2d 145, 157 (Tex. Civ. App.--Amarillo 1976, writ ref'd n.r.e.).

 We conclude that the dismissal of the City's claims for affirmative relief did not
amount to a deliberate admission that Long was not negligent. The dismissal motion and the trial
court's order both recite as grounds for the dismissal that the City no longer wished to prosecute
its claims and causes of action against Long. According to this language, the purpose of the
dismissal was to terminate the City's claims for affirmative relief against Long, not to proceed
defenseless against Long's claims for relief. This waiver of claims for affirmative relief alone
cannot be equated with a purposeful waiver of affirmative defenses, because the law recognizes
a difference between them. See General Land Office v. Oxy U.S.A., Inc., 789 S.W.2d 569, 570
(Tex. 1990). A claim for affirmative relief alleges a cause of action on which a party can recover
benefits, compensation, or relief; an affirmative defense simply resists a plaintiff's right to
recover. Id. The dismissal unequivocally operated to foreclose any recovery by the City from
Long, but did not serve as a clear waiver of the City's right to resist Long's claims for recovery.

 Additionally, the dismissal motion and order both acknowledge that Long's claims
against the City remained pending. If the dismissal amounted to a deliberate admission that Long
was not negligent in proceeding through the intersection, it would also have constituted the
correlative admission that Poindexter was negligent, because either Long or Poindexter entered
the intersection against a red light. In that case, Poindexter would have been defenseless against
Long's claims. Had the dismissal been an admission as Long contends, the order should have
recognized that some of Long's claims remained pending, while others were resolved in her favor
as a matter of law. The absence of this recitation from the order indicates that the dismissal did
not amount to a clear admission that Long was not negligent.

 Finally, we note the absence of any factual assertions pertaining to the issue of
Long's negligence. The City asserted in its motion that it no longer desired to prosecute its claims
against Long, but made no other factual assertions concerning the case. See Pierce, 850 S.W.2d
at 679 (only assertions of fact can be judicially admitted). To imply a factual assertion from either
the motion to dismiss or the dismissal itself would be at odds with the principle that judicial
admissions must be deliberate, clear and unequivocal. See Mendoza, 606 S.W.2d at 694.

 We are not persuaded by Long's reliance on this Court's holding that a judgment
of dismissal entered by agreement of the parties becomes a judgment on the merits of the case,
and is conclusive on any matter connected with the subject matter of the litigation. See Rhoades
v. Prudential Leasing Corp., 413 S.W.2d 404, 407 (Tex. Civ. App.--Austin 1967, no writ). In
that case, Rhoades had previously settled a dispute concerning a lease with Executive Leasing
Service; the settlement acknowledged the existence of the lease but modified its terms. Following
this settlement, Prudential, the successor in interest to Executive, sued Rhoades alleging breach
of the modified lease agreement. At that point, Rhoades claimed the disputed contract was not
a lease, but was actually a void usurious loan agreement.

 We held that Rhoades was barred from asserting this defense because the prior
settlement established that the agreement was a lease. The parties to that original settlement had
stated in open court the terms of the settlement and the modifications to the lease; both the
settlement and the modified lease were in evidence in the suit between Prudential and Rhoades. 
Of special significance in that case was the recitation in the motion to dismiss that "`the points
in controversy between plaintiff and [Executive] which were the basis of this lawsuit have been
settled to the satisfaction of the parties herein.'" Id. at 407. Because Rhoades had settled the
issue of the lease with Prudential's predecessor in interest, we held that the dismissal acted as a
final adjudication on the merits of that issue.

 We find Rhoades distinguishable from this case on several important grounds. 
First, the dismissal motion and order do not state that the matters in controversy between Long
and the City have been settled. (1) Second, unlike Rhoades, the dismissal motion and order do not
incorporate any assertions of fact as to the merits of the pending suit between Long and the City. 
Finally, the holding in Rhoades applied to an original party to an existing settlement and a
successor in interest to the other party to the settlement. Neither Long nor a predecessor in
interest to Long was a party to a settlement agreement with the City which resolved the factual
issue of her negligence.

 Because of these distinctions, the holding in Rhoades does not compel the
conclusion that the City's dismissal with prejudice acted as an adjudication on the merits of the
negligence issue. The dismissal prejudices the City's right to pursue any claims for relief against
Long, but the order does not prejudice the City's right to raise affirmative defenses. The clear
purpose of the dismissal with prejudice was to terminate the City's claims against Long. 
Extending the language of the order to encompass a determination of the negligence issue on the
merits, and to then imply a judicial admission from that determination, would essentially entrap
the City in an unintended judicial admission that Long was not negligent.

 The Random House College Dictionary defines "deliberate" as "carefully weighed
or considered; studied; intentional." The explicit terms of the dismissal motion and order make
no factual assertion regarding the negligence issue, nor do the documents incorporate factual
assertions from an outside source. The clear purpose of the dismissal, as described in both the
motion and order, was simply to foreclose the City's right to pursue affirmative relief against
Long. To imply a judicial admission from the dismissal would leave the City defenseless as to
a number of Long's claims, a result not contemplated by the terms of the motion or order. For
these reasons, we cannot conclude that the City deliberately waived the factual issue of Long's
negligence by successfully moving to dismiss its causes of action against Long. 

 Because the City did not judicially admit that Long was not negligent, the trial court
properly admitted evidence of Long's negligence. In light of this evidence, the trial court did not
err in submitting a jury question pertaining to Long's negligence. Accordingly, we overrule
Long's first two points of error.

 In her third point of error, Long complains that the trial court erred in excluding
expert testimony concerning the Federal Motor Carrier Safety Regulations, which have been
adopted as state law. See Tex. Transp. Code Ann. § 549.103 (West 1996). Long sought to
introduce evidence of these safety regulations to show the standard of care the City should have
employed in maintaining its vehicles. The City objected to this evidence on the grounds that, as
a municipality, the City was exempt from compliance with the regulations. See 49 C.F.R. §
390.3(f)(2) (1994).

 The exemption invoked by the City falls under the subheading "General
Applicability" of the rules and provides as follows:



Exceptions. Unless otherwise specifically provided, the rules in this subchapter
do not apply to -


 Transportation performed by . . . any political subdivision of a state . . . .



Id. Long does not dispute that the City is a political subdivision, but nonetheless claims that this
exemption does not apply to the City. In support of her position, Long points to the rules'
definition of "exempt motor carrier" found under the subheading "Definitions," which follows the
"General Applicability" section of the rules. The definition reads:



Exempt motor carrier means a person engaged in transportation exempt from
economic regulation by the Interstate Commerce Commission (ICC) under 49
U.S.C. 10526. Exempt motor carriers are subject to the safety regulations set
forth in this subchapter.



49 C.F.R. § 390.5 (1994).

 Long claims that according to this provision, the City is exempt from economic
regulations, but not the safety regulations she sought to introduce. We disagree. This definition
simply describes the meaning of "exempt motor carrier" as that term is used within the rules. It
does not refer back to the exemption relied on by the City, but instead deals with exemptions
created by the Interstate Commerce Commission in an entirely different body of law. Therefore,
this definition has no bearing on the exemptions provided for in the safety regulations themselves.

 The exemption relied on by the City provides in the clearest possible terms that the
Federal Motor Carrier Safety Regulations do not apply to municipalities. See 49 C.F.R.
§ 390.3(f)(2) (1994). Because the City is not required to comply with the regulations, the trial
court acted within its discretion in concluding that evidence of the regulations as a standard of care
was inadmissible. Accordingly we overrule Long's third point of error.

 In her fourth and fifth points of error, Long attacks the jury's failure to find that
the City's or Poindexter's negligence proximately caused the accident. She contends in her fourth
point that there is no evidence to support the jury's failure to find the City or Poindexter
negligent; in her fifth point she asserts that the jury's determination on this issue is against the
great weight of the evidence. In briefing these legal and factual sufficiency points, Long relies
heavily on her contention that evidence of her own negligence was inadmissible due to the City's
alleged judicial admission. Because we have rejected this contention, we will consider all of the
record evidence in analyzing these points of error.

 In deciding a legal-sufficiency point of error that attempts to overcome an adverse
fact finding as a matter of law, we must first consider only the evidence and inferences tending
to support the finding of the trier of fact and disregard all evidence and inferences to the contrary. 
If there is no evidence to support the finding, we must then examine the entire record to see if the
contrary proposition is established as a matter of law. Sterner v. Marathon Oil Co., 767 S.W.2d
686, 690 (Tex. 1989); Holley v. Watts, 629 S.W.2d 694, 696 (Tex. 1982); see generally Texas
& N.O.R.R. v. Burden, 203 S.W.2d 522, 528-31 (Tex. 1947); see generally William Powers, Jr.
& Jack Ratliff, Another Look at "No Evidence" and "Insufficient Evidence," 69 Tex. L. Rev. 515
(1991); Michol O'Connor, Appealing Jury Findings, 12 Hous. L. Rev. 65 (1974). When
reviewing a jury verdict to determine the factual sufficiency of the evidence, we must consider
and weigh all the evidence and should set aside the judgment only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709
S.W.2d 175, 176 (1986); In re Estate of King, 244 S.W.2d 660, 661 (Tex. 1951); see also Pool
v. Ford. Motor Co., 715 S.W.2d 629 (Tex. 1986); see generally William Powers, Jr. & Jack
Ratliff, Another Look at "No Evidence" and "Insufficient Evidence," 69 Tex. L. Rev. 515 (1991).

 Our review of the record reveals ample evidence to support the jury's failure to find
negligence on the City's or Poindexter's part. Poindexter testified that he held a commercial
driver's license for four years prior to the accident, and during that four years he occasionally
drove the same tractor-trailer involved in the accident. On the morning of the accident, 
Poindexter visually inspected the tractor-trailer, and while driving noticed no problem with its
brakes; he also stated that the load on the tractor-trailer when the wreck occurred was within the
legal limits. He denied that fatigue would have affected his ability to drive that day.

 Regarding the circumstances of the wreck, Poindexter stated that the traffic light
turned yellow as he approached the intersection and that he did not have time to stop. San Angelo
Police Officer Marty Stuart testified that he saw the light was yellow when the tractor-trailer was
about thirty yards from the intersection, and that Poindexter was travelling close to the posted
speed limit. He also testified that he saw Long's car as it started through the intersection, and
based on the yellow light in front of him he was certain that Long was running a red light. 
Poindexter testified that he applied his brakes as soon as he saw Long's car, and that he knew of
nothing else he could have done to avoid the accident.

 Based on this recitation of the evidence, we conclude that the jury's failure to find
Poindexter or the City negligent is supported by legally and factually sufficient evidence. We
therefore overrule Long's fourth and fifth points of error.

 Long contends in her sixth point of error that the judgment must be reversed due
to the City's improper jury argument. She directs her complaint at the City's statement that Long,
and not her deceased children, would receive any money awarded by the jury for the children's
injuries. She asserts that this statement violated the rule against advising the jury of the effect of
their answers to the jury questions. See Texas Employers' Ins. Ass'n v. Mendenhall, 334 S.W.2d
850, 853 (Tex. Civ. App.--Fort Worth 1960, writ ref'd n.r.e.). We do not think this argument
was unduly prejudicial, because the jury could readily conclude that the dead children could not
receive any money, and that therefore the plaintiff in the case, Janie Long, would receive any
award of damages for the children's injuries. See id. at 853-54. Furthermore, any error brought
by this argument would not warrant reversal because the jury failed to find the City or Poindexter
negligent, which precluded the recovery of any damages from either defendant. See Tex. R. App.
P. 81(b). We overrule Long's sixth point of error.



CONCLUSION


 Having overruled all of Long's points of error, we affirm the judgment of the trial
court.



 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: July 31, 1996

Do Not Publish

1.   By contrast, the dismissal motion filed by Travis Long does state that the matters in
controversy between him and the City have been settled.


2d 522, 528-31 (Tex. 1947); see generally William Powers, Jr.
& Jack Ratliff, Another Look at "No Evidence" and "Insufficient Evidence," 69 Tex. L. Rev. 515
(1991); Michol O'Connor, Appealing Jury Findings, 12 Hous. L. Rev. 65 (1974). When
reviewing a jury verdict to determine the factual sufficiency of the evidence, we must consider
and weigh all the evidence and should set aside the judgment only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709
S.W.2d 175, 176 (1986); In re Estate of King, 244 S.W.2d 660, 661 (Tex. 1951); see also Pool
v. Ford. Motor Co., 715 S.W.2d 629 (Tex. 1986); see generally William Powers, Jr. & Jack
Ratliff, Another Look at "No Evidence" and "Insufficient Evidence," 69 Tex. L. Rev. 515 (1991).

 Our review of the record reveals ample evidence to support the jury's failure to find
negligence on the City's or Poindexter's part. Poindexter testified that he held a commercial
driver's license for four years prior to the accident, and during that four years he occasionally
drove the same tractor-trailer involved in the accident. On the morning of the accident, 
Poindexter visually inspected the tractor-trailer, and while driving noticed no problem with its
brakes; he also stated that the load on the tractor-trailer when the wreck occurred was within the
legal limits. He denied that fatigue would have affected his ability to drive that day.

 Regarding the circumstances of the wreck, Poindexter stated that the traffic light
turned yellow as he approached the intersection and that he did not have time to stop. San Angelo
Police Officer Marty Stuart testified that he saw the light was yellow when the tractor-trailer was
about thirty yards from the intersection, and that Poindexter was travelling close to the posted
speed limit. He also testified that he saw Long's car as it started through the intersection, and
based on the yellow light in front of him he was certain that Long was running a red light. 
Poindexter testified that he applied his brakes as soon as he saw Long's car, and that he knew of
nothing else he could have done to avoid the accident.

 Based on this recitation of the evidence, we conclude that the jury's failure to find
Poindexter or the City negligent is supported by legally and factually sufficient evidence. We
therefore overrule Long's fourth and fifth points of error.

 Long contends in her sixth point of error that the judgment must be reversed due
to the City's improper jury argument. She directs her complaint at the City's statement that Long,